### UNDERHILL v. WOOD et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. WILLS—CONSTRUCTION—BEQUEST DEPENDENT UPON DEATH.

Under a will providing that in case of the death of a legatee before receiving his share of the estate, and without issue surviving, the share so given shall revert to the estate, and become a residuary fund, making certain bequests out of such residuary fund, where a legatee survives the testator, and receives a portion of a legacy under the will, but dies, without issue, before the balance of the legacy comes into the hands of the executor, such balance reverts to the residuary fund created by the will.

2. SAME—CHARITIES—CAPACITY TO TAKE UNDER WILL.

Trustees of an unincorporated educational institution, under the direction and control of a quarterly meeting of the Society of Friends, who have

65 N.Y.S.—70

been duly appointed by said quarterly ·meeting, and by virtue of their appointment are entitled to the property and interests accruing to the benefit of the school, are capable of taking and receiving a bequest made to such institution.

Appeal from special term, Westchester county.

Action by Lydia W. Underhill, as executrix of the estate of Augusta U. Paton, deceased, against James Wood and others, as executors of the estate of Edward B. Underhill, deceased, and Edward Burdsall and others, as trustees of the Chappaqua Mountain Institute, for the construction of a will. From a judgment in favor of Edward Burdsall and others, as trustees, etc., plaintiff appeals.

The opinion of the special term was as follows:

This action having been brought to trial before me at a special term of this court held in and for the county of Westchester, at the court house at White Plains, N. Y., on the 8th day of January, 1900, and ·tried before me without a jury, and the same having been duly submitted to me, after hearing the evidence and allegations of the parties, and the arguments of counsel, and after due deliberation, I find the following facts:

(1) That in the month of April, 1888, one Edward B. Underhill died, leaving a last will and testament dated October 23, 1886, which was duly admitted to probate by the surrogate of the county of Westchester; and the defendants James Wood, Abraham S. Underhill, and Robert Underhill were duly appointed the executors of said will, and letters testamentary duly issued to them in the said year 1888, and they duly qualified and entered upon the discharge of their duties.

(2) That said will provided that some of the real property of the testator be sold within three years, and that a large portion of the real property should not be sold within a period of seven years after his death, and that said executors were authorized to hold the same for a period of eleven years, in their discretion, for the purpose of carrying out certain plans of the testator relative to said property, and they were further directed and authorized to use certain of the personal property upon the improvement of said property contemplated by said plans of the testator; and by said will it was provided, among other things, that from certain sources a residuary fund should be created, and for the particulars of said provision of said will reference to said will is hereby made.

(3) That, among other provisions of said will, it was further provided, as set forth in the extract from said will annexed to the conceded statement of facts in this action, that his residuary estate should be divided, including the proceeds of all his real estate, when sold, into twenty-four equal shares or portions, and gave and bequeathed the same, under the nineteenth clause of said will, in different shares, to a number of people therein named, one of whom was Augusta U. Paton, the plaintiff testatrix; and he further provided that: "In case either of above-named residuary legatees shall die before receiving his or her share or shares so given to him or her, respectively, leaving lawful issue him or her surviving, then I give and bequeath said share or shares as I have above given to him or her, respectively, and which he or she may not have received, to the child or children of said deceased person who shall so survive him or her, share and share alike. And, in case any of the above-mentioned legatees shall die without leaving lawful issue him or her surviving, then said share or shares so above given to him or her, respectively, shall revert to my estate, and become a fund residuary, to be applied as specified in the next section of said will." And said section 20 provided: "In the event that a fund, as referred to in the last-above section of this will, should be created by reason of the lapsing or reversion of any share or shares provided for in that section, I do hereby give and bequeath the same as follows: The sum of $1,000 to the trustees and corporation of the Chappaqua Mountain Institute, if such corporation shall be in active operation as a school; but, if such corporation or school shall not be in actual operation, then said bequest

shall revert to the residuary fund created by the last preceding section (19),"
—and provides that, after said payment above provided for, the balance of such
fund shall be given to certain persons therein named.

(4) I further find that, by quitclaim from one of the other parties, the share
of said Augusta U. Paton was increased to one-twentieth of said residuary
fund, and that out of personal property, and the proceeds of the sale of some
land in Pennsylvania, which said executors were authorized to and did sell
within about a year after the death of the testator, a division was made,
and about the sum of $3,500 was paid to said Augusta U. Paton; and before
the expiration of the period of seven years after the death of the testator, and
before said executors sold or disposed of any of the other property of the
estate, and before the time had expired, under the provision of the will,
whereby they were authorized to sell said property, said Augusta U. Paton died
without receiving the sum of $1,050, which was subsequently received by the
executors from the proceeds of the sale of property, and which is now in the
hands of said executors, and would have been applicable to said share of
Augusta U. Paton if she had been living at the time that the same came into
the hands of said executors.

(5) That said Augusta U. Paton died on the 4th day of January, 1895, with-
out issue her surviving, and without having received said amount of $1,050,
which would have been applicable to her share if she had been living to receive
the same when the same came into the hands of the executors of Edward B.
Underhill, from the proceeds of the sale of the real and personal property
so held by his executors under the provision and direction of his said will
as aforesaid, which sale of said real and personal property was made by
said executors in the year 1896,—over eight years after the death of said testa-
tor, and over a year after the death of the said Augusta U. Paton as aforesaid;
and said sum of $1,050 remains in the hands of said executors, and the plain-
tiff, as the executrix of the said will of Augusta U. Paton, claims said sum; and
the executors desire that it shall be determined whether or no said fund fell
into the residuum created by the will as aforesaid, and should be paid to the
trustees of the Chappaqua Mountain Institute, or to the plaintiff in this action,
or to whom it should be paid.

(6) I further find that the Chappaqua Mountain Institute is not a corpora-
tion, but the defendants named as the trustees of the Chappaqua Mountain
Institute were duly appointed as such trustees of the property and interests
of said institute, which institute is a school, and is in active operation as a
school, and has been in active operation as a school since about the year
1870, and said trustees were duly and regularly appointed by the Purchase
quarterly meeting of the Society of Friends of the State of New York; and
said school was established by said quarterly meeting, and is, and always has
been since said school was established, under the direction and control of said
quarterly meeting, and said meeting is liable for its support and maintenance,
and for any deficiency that may arise from its operation as a school or other-
wise.

(7) I further find that, under the laws of the state of New York, the Society
of Friends was endowed with corporate powers prescribed by the statutes,
and, prior to the organization of the state of New York, exercised corporate
powers, and that, under the statutes of the state, trustees appointed by any
of its meetings were authorized to hold and take any legacy or bequest for said
purposes as are within the purpose of said society or authorized by its dis-
cipline; that said discipline authorizes and recommends schools for educational
purposes.

(8) And I further find that, although the institute was not a corporation,
the defendants named as trustees of the Chappaqua Mountain Institute were
duly appointed by said Purchase quarterly meeting, and are the trustees of the
property interests of said school or institute referred to by the testator, Edward
B. Underhill, as the trustees of the Chappaqua Mountain Institute.

As conclusions of law, I find and decide:

(1) That the said sum of $1,050 was not received by said Augusta U. Paton
in her lifetime, and that the same reverted to said residuary fund created by
said will, as said Augusta U. Paton died without issue before receiving the

same, and that, if said legacy vested in her at all at the death of Edward B. Underhill, it vested subject to being defeated by her subsequent death before receiving the whole of the same and without leaving any issue her surviving, and that, as those conditions attained before the said sum of $1,050 was received by said executors, the said sum of $1,050 of said legacy, and the said legacy to the amount thereof, were defeated, and that the same reverted and fell into the residuum, and the plaintiff in this action is not entitled to receive the same.

(2) That the defendants named as the trustees of the Chappaqua Mountain Institute were duly appointed by the Purchase quarterly meeting of the Society of Friends of the State of New York, and, as such trustees so appointed, are entitled to the property rights and interests accruing to them for the benefit of said school, and as such trustees are capable of taking and receiving any legacy for said school; and as such school is now, and has been since 1870, in active operation as a school, said trustees are entitled to receive and be paid by the said executors of said Edward B. Underhill the sum of $1,000, and interest thereon from the 4th day of January, 1895, together with the costs of this action.

(3) That, according to the provisions of said will, the balance of said residuary fund created from lapsed and reverted legacies by the provisions of said will, if any balance exists beyond the $1,050, is payable to the persons named in said will as those entitled to said balance, according to the division and direction in said will contained.

The plaintiff is also entitled to the costs of this action, and judgment is hereby directed in accordance with these findings.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Reuben H. Underhill, for appellant.
Wilson Brown, Jr., for respondent trustees.

JENKS, J.   In Washbon v. Cope, 144 N. Y. 287, 297, 39 N. E. 388, Peckham, J., says that the rule is well settled that where the devise or bequest over to third persons is not dependent upon the event of death, simply, but upon death without issue or without children, the death referred to is that in the lifetime of the testator.   But the exception is also well recognized that the court will give effect to the language of the testator according to its natural import, as referring to a death, under the circumstances mentioned, occurring either before or after the death of the testator.   Such circumstances, it is said, must be cogent enough for the court reasonably to say that there is good and fair ground to apply the exception, not the rule.   The question before the learned special term in this case was whether the rule or the "well-settled exception" applied.   I am of opinion that the learned court rightly applied the exception, for the reasons stated in his opinion, and that the conclusion reached as to the capacity of the trustees to take is correct.   I therefore think that an affirmance may rest upon that opinion, without further discussion.

Judgment affirmed, with costs to all parties payable out of the estate.   All concur.