In the Matter of the Construction of the Last Will and Testament of GEORGE W. PARSONS, Deceased.

Surrogate's Court, Westchester County, February 2, 1925.

**Wills — construction — trust for benefit of daughter with remainder to her lawful issue surviving her — in case of no issue remainder was to be divided equally among surviving children of deceased brother — one of brother's children died before beneficiary, leaving lawful issue — whole remainder passed to child of brother surviving beneficiary — real estate in trust for life passed into residuary estate on death of beneficiary.**

The child of a deceased brother of the testator takes the entire remainder under a will which creates a trust with remainder over to the lawful issue of the beneficiary, if any, surviving the beneficiary's death and in case she dies without issue that the remainder shall be divided equally among the surviving children of the deceased brother, where it appears that the deceased brother had two children living at the time of the execution of the will, but that one of the children died prior to the death of the beneficiary of the trust leaving him surviving lawful issue.

The remainder to the surviving children of the deceased brother did not vest upon the death of the testator but vested only at the death of the beneficiary and then only in case she died without issue.

The real estate and personal property mentioned in another paragraph of the will in which a life estate was created for the same beneficiary passed upon her death into the residuary estate.

PROCEEDING for construction of will.

*A. P. Bachman,* for the petitioner Katherine P. Murphey.

*Dawes, Abbott & Littlefield* [*Charles W. Littlefield* of counsel], for the children of Edward D. Parsons, deceased.

SLATER, S.:

The decedent died in 1887, leaving a will dated June 5, 1884, which was probated in Westchester county. This is an application to construe the 7th paragraph of the will, which is as follows:

" *Seventh.* I direct that all my residuary estate shall, by my Executors or the survivor of them be divided into two equal parts or shares, and that one part or share be securely invested in trust for my said daughter, Ella, either in bonds and mortgages or in improved and unincumbered real estate which real estate shall be worth at least fifty per cent more than the sum invested; or in

United States or good State bonds and to pay the net income thereof to said Ella for her sole and separate use during her life; and to pay the principal in equal proportions to such lawful issue, if any, as she may leave her surviving at her decease; *and in case she shall die without issue, I will and direct that the share so appropriated for her be divided equally among the surviving children of said deceased brother."*

The daughter, Ella B. Wentworth, died March 19, 1924, leaving no issue her surviving, and the question presented to the court is: Who is entitled to the principal of the trust fund created by the 7th paragraph? The testator at the time of his death was a widower, his nearest of kin being his adopted daughter, Ella Parsons Wentworth, and a nephew, Edward D. Parsons, and a niece, Katherine Parsons Murphey, surviving children of the testator's deceased brother John B. Parsons, who died in 1865. The nephew, Edward D. Parsons, died on the 19th day of March, 1894, leaving a widow and three children. He predeceased the life beneficiary of the trust fund.

It is the contention of the petitioner that she is entitled to the corpus of the trust fund created by the 7th paragraph of the will, because she is the surviving child of the decedent's deceased brother living at the death of the life beneficiary, Mrs. Wentworth. The children of Edward D. Parsons contend that he was vested with an interest in the corpus of the trust fund upon the death of the decedent.

The language of the will indicates that the testator did not intend that the remainder should vest upon his death in the then living children of his brother, but should be postponed until the time for division and distribution arrived and then to vest in such persons as answered to the description who survive. The children of his brother were to take no interest whatever, except upon the contingency of his daughter's death without issue. In case of her death leaving issue, such issue would take the remainder absolutely. The gift was to a class. The benefits of the will must be confined to those persons who come within the category at the date that the division is directed to be made. The word " equally " used in the paragraph is without particular force except to show the intention of the decedent to make an equal division among the children of his brother, if there were more than one. The word " surviving " is all important. By the use of this word the testator restricts the shares to the number of children surviving at the death of Mrs. Wentworth, the beneficiary of the trust. This word cannot be rejected as meaningless or repugnant. (*Matter of Baer*, 147 N. Y. 348; *Matter of Buechner*, 226 id. 440; *Matter of Einstein*, 113 Misc.

105; *Matter of McKim*, 115 id. 720; *Matter of Kissam*, Id. 724; *Matter of Flint*, 118 id. 134; *Matter of Valentine*, 119 id. 442; *Matter of Hicks*, Id. 6; *Matter of Fox*, 123 id. 288.)

The word " children " in common parlance does not include grandchildren. (*Matter of Pulis*, 220 N. Y. 196; *Matter of McKim*, *supra.*) There is no gift over in the event of the death of any of the brother's children.

And, too, the context of the will sheds considerable light upon the testator's intention. The testator was a well-known lawyer in the city of New York. It must be presumed that he understood the meaning of particular words as used by him in the several paragraphs of the will. In the 1st paragraph of the will he deals with the family burial plot and it is given to his daughter Ella B. Parsons, " but in the event of the failure of lawful issue to said Ella, then and at her decease, I devise and bequeath said lot to the *children of my deceased brother John B. Parsons, jointly and to their heirs.*" No attempt is made here to use the word " surviving." He meant to create, and he did create, a vesting of the burial plot in the two children of his brother, subject to be defeated by the birth of issue of his daughter, Ella. In the 8th paragraph of the will, which deals with the other half of the residuary estate, he divides it " into as many shares as there shall be children of my deceased brother *surviving me.*" By the use of the words " surviving me " he clearly intended a vesting of one-half of his estate in the two children of his brother Edward living at his death. In the 1st, 7th and 8th paragraphs of the will the testator created a distinction, which indicates that when he wanted to make a gift which vested at his death, he used apt words.

I, therefore, construe the 7th paragraph of the will as giving one-half of the residuary estate to Katherine Murphey as the surviving child of decedent's brother, John B. Parsons.

The court is asked to construe paragraph 2 of the will. The real estate and personal property mentioned in the 2d paragraph in which a life estate was created for the daughter Ella upon her death passed into the residuary estate. It is probably true that some of the personal property that existed at the time she took possession is not in existence at the present time and cannot be turned over. The gift was only one for life, and without complete ownership in Mrs. Wentworth.