In the Matter of the Estate of GEORGE W. PARSONS, Deceased.

FANNY T. PARSONS et al., Appellants; KATHARINE P. MURPHEY, Respondent.

**Will — gift of life interest in half of residuary estate to children of deceased brother surviving testator with remainder to their children — death of one of such life tenants prior to falling in of part of residuary estate — children entitled to share of their father upon falling in of such residue — direction that in case of death of daughter without issue share appropriated to her be divided equally among surviving children of deceased brother — words " surviving children " refer to those surviving at death of daughter.**

1. Where testator by his will gave to his daughter the use of certain real property for life and provided that " after her decease such property shall become a part of my residuary estate," and by a subsequent provision directed that one-half of such residuary estate be divided into as many shares as there should be children of his deceased brother surviving him and that the income from a share should be applied to the support of each of such children during its life and at its death the principal paid to its lawful issue, and at the death of the testator there were living two children of said deceased brother, but one predeceased the life tenant, leaving three children who survived her death, the said three children take the share of their father in the residuary estate and are, therefore, each entitled to one-twelfth of the real property.

2. Testator having given the other half of the residuary estate to his daughter for life with remainder to her children and directed that in case she die without lawful issue the share appropriated to her " be divided equally among the surviving children of said deceased brother," upon the death of the daughter without issue, the surviving child of the deceased brother of testator took all of the share so appropriated. A contention that the words " surviving children " refer to those surviving at the time of the testator's death and not at the time of the life tenant's death cannot, in view of all the circumstances, be sustained.

*Matter of Parsons*, 214 App. Div. 802, modified.

(Argued March 1, 1926; decided March 30, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 26, 1925, which unanimously affirmed a decree of the Westchester County Surrogate's Court construing the will of George W. Parsons, deceased.

*Samuel Seabury* and *Charles W. Littlefield* for appellants. Edward D. Parsons, being a residuary legatee, took a vested interest in the remainder after the life estate created under the second paragraph of the will. (*Loder* v. *Hatfield,* 71 N. Y. 92; *Matter of Young,* 145 N. Y. 535.) Edward D. Parsons and Katharine P. Murphey took vested interests at the death of the testator under the seventh paragraph of the will, subject to be divested by the birth of issue of the life tenant. (*Matter of Johnson,* 212 App. Div. 768; *Moore* v. *Littel,* 41 N. Y. 66; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Hersee* v. *Simpson,* 154 N. Y. 496; *Flanagan* v. *Staples,* 28 App. Div. 319; *Matter of Trevor,* 120 Misc. Rep. 22; *Farmers Trust Co.* v. *Borden,* 83 N. J. Eq. 222; *Matter of Turner,* 210 App. Div. 221; *United States Trust Co.* v. *Perry,* 193 App. Div. 153; 232 N. Y. 609.) A construction that these remainders were vested is the only interpretation consistent with giving effect to all and every part of the will of the testator. (*Matter of Buechner,* 226 N. Y. 440; *Adams* v. *Massey,* 184 N. Y. 62; *Matter of Valentine,* 119 Misc. Rep. 442; *Matter of Flint,* 118 Misc. Rep. 134; *Prowitt* v. *Rodman,* 37 N. Y. 42; *Matter of Patton,* 111 N. Y. 480.)

*A. P. Bachman* for respondent. The construction that respondent takes the entire estate under the seventh paragraph is correct and according to the intent of the testator. (*Matter of Buechner,* 226 N. Y. 440; *Matter of Hart,* 122 Misc. Rep. 168; *Cammann* v. *Bailey,* 210 N. Y. 19; *Palmer* v. *Horn,* 84 N. Y. 516; *Matter of Keogh,* 126 App. Div. 285; 193 N. Y. 603; *Matter of King,* 200 N. Y. 192; *Baer* v. *Hendricks,* 147 N. Y. 348; *Salter* v.

*Drowne*, 205 N. Y. 204; *N. Y. Life Insurance & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Crane*, 164 N. Y. 72.) The remainder in the second paragraph of the will also goes to respondent as the only child of the deceased brother who survived the life tenant. (*Close* v. *Farmers Loan & Trust Co.*, 195 N. Y. 92; *Matter of Hoffman*, 201 N. Y. 247; *Shuler* v. *Shuler*, 137 App. Div. 515; *Greene* v. *Greene*, 54 Hun, 93; 125 N. Y. 506.)

CRANE, J. George W. Parsons died January 12, 1887, leaving him surviving an adopted daughter, Ella B. Parsons, subsequently Ella B. Wentworth, a nephew, Edward D. Parsons, and a niece, Katharine Parsons, now Katharine Murphey, the last two being children of a deceased brother, John B. Parsons.

By his will, executed on the fifth day of June, 1884, the testator left the larger part of his property to these relatives in the manner following. By the second clause of his will he disposed of and bequeathed the use, rents and profits of his country place at Mount Pleasant, consisting of about seventeen acres of land and all the improvements thereon, to his daughter for life. At her death it was to become part of his residuary estate. His exact words are: " and after her decease said property shall become a part of my residuary estate."

The testator directed his residuary estate to be divided into " two equal parts " and disposed of one of such parts by the eighth clause of his will, which read as follows:

" *Eighth.* I will and direct that the remaining part or share in the seventh article named be, by my said Executors or the survivor of them divided into as many shares as there shall be children of my said deceased brother, surviving me, and be securely invested in the manner as provided in said seventh article and that the net income of each part or share shall be applied to the support of the child represented by its share, during the natural life of such child and that the principal of each share be paid over to the lawful issue of the child repre-

sented by it, if any such issue there be, in equal proportions; and in case of the death of either of such children without lawful issue then I direct that the share of such child be made over to the surviving child, its heirs or assigns."

The life tenant, Ella B. Parsons, died March 19, 1924. The Mount Pleasant property, disposed of by the second clause of the will, thereupon passed into the residuary estate, or to be more exact, became a part of the residuary estate. One-half of it passed under clause eight. The children of the testator's brother, surviving the testator, were Edward D. Parsons and Katharine Parsons, now Katharine Murphey. The net income from this half of the Mount Pleasant property was to be paid, therefore, to these two children. Edward, however, had predeceased the life tenant, dying on the ninth day of March, 1894, leaving three children, Eleanor R. Parsons, now Eleanor R. Tomlinson, John T. Parsons and Harriet E. Parsons, now Harriet E. Watt. These children took the share of their father under this eighth clause of the will, or one-half of that part of the residuary estate disposed of by this paragraph. The father Edward, however, was given the net income for his support during his natural life, while the principal at his death was payable to his children. Eleanor Tomlinson, John T. Parsons and Harriet E. Watt, therefore, take one-fourth of the Mount Pleasant property, or one-twelfth each.

This is the plain direction of the will, which apparently has been overlooked or unprovided for in the decree of the Surrogate's Court. It may be that this was the understanding of the parties, and that the only matter litigated was the question arising under paragraph seven of the will. However, the appeal has brought this matter up for review, and as the respondent claims the property disposed of under this second clause of the will, we must open or modify the judgments below so as to provide for this portion of the residuary estate.

No other portion of the residuary estate disposed of under the eighth clause of the will is before us, and we do not attempt to pass upon its disposition.

As to the half portion of the residuary estate disposed of by the seventh clause of the will, we agree with the interpretation put upon this clause by the lower courts. The testator's daughter, Ella, having died without issue, and her life estate in this one-half part having terminated, the principal passed under the last clause of the seventh paragraph, reading " and in case she shall die without lawful issue, I will and direct. that the share so appropriated for her be divided equally among the surviving children of said deceased brother." The daughter, the life tenant, having died without lawful issue, the residuary passed to Katharine Murphey, the only child of the testator's deceased brother John, who survived the life tenant. The appellants insist that the words " surviving children " refer to those surviving at the time of the testator's death, and not at the time of the life tenant's death, and there is argument which can be made for this claim. The testator was a lawyer who knew the meaning and force of legal terminology, and we find him using words with some exactness. When his own death is referred to, it is expressed in language as to which there can be no misunderstanding. For instance, in the eighth clause, above quoted, wherein he disposed of the other half of the residuary estate, he gives the income to the children of " my deceased brother surviving me." These words " surviving me " are not used in the preceding, or seventh paragraph, wherein he disposes of the other half of the residuary estate. He divides it " equally among the surviving children of my deceased brother." By this seventh paragraph he had given the income of this half of the residuary estate to his daughter Ella for life, remainder to her children. His main purpose was that his daughter and her children should have it all. If children failed to survive Ella, then the remainder

was to go to the surviving child of his deceased brother. In view of all the circumstances, we think the time of survivorship was the death of his daughter Ella. The testator, by other portions of his will, had apparently given some property of value to his nephew Edward, which would pass in all events to Edward's children.

We are, therefore, of the opinion that the courts below were right in giving this part of the residuary estate under paragraph seven to Katharine P. Murphey. The order of the Appellate Division and the decree of the surrogate should, therefore, be modified in accordance with this opinion, and as so modified affirmed, with costs to appellants in this court and the Appellate Division, payable out of the estate.

HISCOCK, Ch. J., POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Ordered accordingly.