In the Matter of the Judicial Settlement of the Account of Proceedings of HENRY W. SACKETT, as Sole Qualifying Testamentary Trustee under the Last Will and Testament of EDMUND TITUS, Deceased, from September 1, 1905, to and Including August 3, 1926.

Surrogate's Court, Westchester County, November 15, 1926.

Wills — construction — testator by will directed that upon death of his wife and daughter, in event daughter left no issue, specific amount should be paid to designated charities — gifts to charities did not become effective until daughter's death in March, 1926 — said legacies not void because testator died two months after execution of will — Laws of 1848, chap. 318, § 6 (Decedent Estate Law, § 19, repealed by Laws of 1911, chap. 857), has no application — gift to certain trustees for charitable objects, valid.

A will by which the testator directed that, upon the death of his wife and his daughter and in the event said daughter died leaving no issue her surviving, a specific amount should be paid to certain designated charities, cannot be construed as indicating an intention on the part of the testator that before said daughter's death, without issue her surviving, he intended to make a gift to any of the legatees named, but rather that said gifts should become effective upon the death of said daughter.

The legacies to the charitable corporations, recited in said will, are not void and did not lapse by reason of section 6 of chapter 318 of the Laws of 1848 (later

Misc. 240] Surrogate's Court, Westchester County, November, 1926.

known as section 19 of the Decedent Estate Law) because said testator died within two months after the execution of his will, since said statute was repealed by chapter 857 of the Laws of 1911.

A gift to the trustees of the residuary estate of a deceased person, the income of which was to be used for charitable objects, is valid, since the trustees thereof could legally take at the time of the death of testator's daughter.

TRUSTEE's accounting involving construction of will.

*Sackett, Chapman, Brown & Cross* [*Winthrop A. Wilson* of counsel], for the petitioner.

*Gleason, McLanahan, Merritt & Ingraham* [*W. Dickson Cunningham* of counsel], for Henry T. Shotwell, a residuary legatee.

*Franklin Brooks*, special guardian for infant residuary legatees.

*Lewis C. Grover, L. Hollingsworth Wood, Wilson M. Powell, Remsen & Parsons, Robert F. Greacen, Stephen W. Collins* and *Alexander B. Halliday*, for the charitable corporations, legatees.

SLATER, S. This is a trustee's accounting proceeding, in which the court is asked to construe the will of Edmund Titus. The will was executed November 15, 1892. The testator died November 16, 1892. He was survived by his widow and a daughter, an only child. The widow died July 11, 1904. The daughter, Elizabeth, or Lizzie T. Sackett, died March 20, 1926, without leaving issue her surviving.

The 1st paragraph of the will directs the sale of all real estate, and the payment therefrom of all just debts and legacies, and " to place all the rest, residue and remainder of all my property at interest carefully." The 2d paragraph gives $10,000 and household furniture to the widow. The 3d paragraph gives to the daughter $5,000. The 4th and 5th paragraphs are as follows:

" *Fourth.* I do hereby give the interest and income of all the rest, residue and remainder of my property to my wife Esther C. Titus during her natural life. And all this I give my wife Esther C. Titus in lieu of her right of dower; and I direct my executors, hereinafter named, to invest and keep invested in proper securities all of said rest, residue and remainder of my said estate and to collect the income thereof and to pay over the said income to my said wife Esther C. Titus during her natural life, and upon the death of my said wife, Esther C. Titus, or in case she should not survive me, I direct my said executors or the survivor or survivors of them to pay over the said income collected by my said executors as aforesaid to my daughter Lizzie T. Sackett during her natural life.

" *Fifth.* After the death of both of my said wife Esther C. Titus and my daughter Lizzie T. Sackett or in case neither of them should survive me, and in the event of my said daughter's leaving issue

16

Surrogate's Court, Westchester County, November, 1926.    [Vol. 128

her surviving, then I give, devise and bequeath unto such issue of my said daughter, all of the rest, residue and remainder of my property to be divided equally among them, share and share alike, and in case of the death of any of said issue before the death of my said daughter leaving descendants her surviving such descendants shall take the shares which their parents would take if living."

Under the 5th paragraph all of the rest, residue and remainder of the property was to pass to the issue of the daughter her surviving. By the 6th paragraph the testator provided that, after the death of his wife and daughter, and in the event of the daughter's leaving no issue her surviving, " then I give, devise and bequeath to " ten certain named charities each $1,000. To the " trustees of the residuary estate of Lindley Murray, deceased, Five Thousand Dollars. The said trustees are appointed by the New York Yearly Meeting of Friends. The income of said Five Thousand Dollars is to be used for religious, educational, and charitable objects; " and " all the rest, residue and remainder of *my said residuary estate,* I give, devise and bequeath to " certain named nephews and nieces. The question of construction relates to the validity of the legacies to the several charities named in paragraph 6 of the will.

The executor, the son-in-law of the testator, has submitted the facts to the court without taking a position in favor or against the contention of the parties appearing.

It is contended by the special guardian for the infant residuary legatees, and by one of the adult legatees, that the legacies to the charitable corporations in the 6th paragraph of the will are void and lapsed because the testator died within two months after making his will, the gifts being in violation of section 6, chapter 318 of the Laws of 1848, later known as section 19 of the Decedent Estate Law.* They assume that the gifts vested at the date of death. It is further contended by the residuary legatees that the void and lapsed legacies passes to them as residuary legatees.

It is contended by the charities that the gift to them and to the nephews and nieces is a gift of the residuary estate and they invoke the principle that a void bequest of the residuum passes to the next of kin. (*Matter of Allen,* 111 Misc. 93, 121; affd., 202 App. Div. 810; mod., 236 N. Y. 503.) In this event the void and lapsed legacies would pass to Mrs. Sackett, the daughter, the only next of kin, as intestate property.

It is my opinion that none of these contentions need be considered, but the construction may be arrived at, based upon an entirely different legal theory.

The 1st paragraph was one of direction and with regard to " the

* Repealed by Laws of 1911, chap. 857.— [REP.

legacies hereinafter mentioned " the words of gift must be found in the 6th paragraph. If Elizabeth T. Sackett had left issue her surviving, would the gift to charity and to the nephews and nieces have been effectual? Why, no — certainly not with regard to the gift to the relatives.

Their gift was contingent and not vested — at best a vested right to a contingent estate. Are the gifts to the charities in any different situation? I think not. The gift to them is " in the event " the daughter leaves no issue her surviving. With the extinction of the testator's direct line, the estate was to pass in part to charity, and in part to nephews and nieces. With issue surviving the daughter, the entire estate was to pass to such issue. Where is the language that makes the gift to nephews and nieces contingent, and the gift to charities vested at testator's death? After making specific legacies to charity, the balance of the estate passes to nephews and nieces.

The gifts to the charities and to the nephews and nieces were contingent estates, and not vested estates, contingent upon Elizabeth T. Sackett dying without issue. (*Matter of Parsons*, 124 Misc. 394; affd., 214 App. Div. 802; mod. and affd., 242 N. Y. 246.) It may be argued that the will speaks from the time of the death of the testator when the rights of legatees are fixed. (*Ely* v. *Ely*, 163 App. Div. 320; affd., 219 N. Y. 112.) Quite true. But the will fixed the interest passing to the charities and the nephews and nieces, contingent upon the daughter's dying without issue. This is not a case where legacies are vested subject to being divested.

In my opinion, the instant case falls within the principle of vesting of contingent estates declared in *Shipman* v. *Rollins* (98 N. Y. 311). The legacies were to be enjoyed upon the happening of an event, *i. e.*, the death of the daughter without issue. The legacies were not postponed for the convenience of the estate. Futurity is annexed to the gift. There are no present words of gift to any of the legatees. The intention of the testator must be determined by the words of the will. There is no intent in the language of the will which indicates that, before his daughter's death without issue her surviving, he intended to make a gift to any of the legatees named. (*Richards* v. *Hartshorne*, 110 App. Div. 650; *Matter of Morgan*, 56 Misc. 235; affd., *sub nom. Matter of Durand*, 127 App. Div. 945; affd., 194 N. Y. 477; *Matter of Munroe*, 107 Misc. 408; *Wright* v. *Wright*, 225 N. Y. 329, 335; *Metropolitan Trust Company* v. *Krans*, 186 App. Div. 368.)

And if contingent and not vested, the gifts did not take effect until the death of Mrs. Sackett in March, 1926. In the meanwhile the law of 1848 denying the right of charitable corporations organ-

ized pursuant to such law to take under wills executed within two months previous to death was repealed by chapter 857 of the Laws of 1911. Consequently, at the time Mrs. Sackett died, there was no legal disqualification, and the charitable corporations are permitted to take the charitable gifts.

With regard to the gift to the Lindley Murray trustees. Applying the same rule as to the vesting of the gift, it is found that, prior to the time of vesting in March, 1926, the policy of charitable trusts in the State of New York had been settled by legislative enactment, known as the Tilden Act (Laws of 1893, chap. 701, as amd. by Laws of 1901, chap. 291; now Pers. Prop. Law, § 12, as amd. by Laws of 1909, chap. 144, and Laws of 1911, chap. 220; and Real Prop. Law, § 113, as amd. by Laws of 1909, chap. 144, and Laws of 1919, chap. 71)* and there is now no legal obstacle to the trustees taking said legacy. It even may be said the gift was always good as a charitable donation.

It is sufficient if the trustees could legally take at the time of the daughter's death. The gift of $5,000 is made to trustees of the residuary estate of Lindley Murray, the income to be used for charitable objects. Under the authority of *Allen* v. *Stevens* (161 N. Y. 122), followed in *Matter of Merritt* (124 Misc. 709) by this court, it is my opinion that the gift of $5,000 to the trustees of the Murray estate is valid. (*Underhill* v. *Wood,* 53 App. Div. 640; 65 N. Y. Supp. 1105; *Matter of Mills,* 121 Misc. 147.)

Submit decree in accordance with this method of distribution, on notice to all attorneys appearing.

---

* Since respectively amd. by Laws of 1926, chaps. 622, 623.— [REP.