In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of JAMES H. STEBBINS, Deceased.

Surrogate's Court, New York County, May 10, 1949.

*Pandia C. Ralli* for trustee, petitioner.

*Ione P. Barrett* for Bank of New York and Fifth Avenue Bank, as executor of James H. Stebbins, Jr., deceased, respondent.

*Arthur G. H. Power* for United States Trust Company of New York, as executor of Walter A. Stebbins, deceased, respondent.

*Raymond Harper* and *Anthony J. Dell'Aquila* for United States Trust Company of New York, as executor of Blanche P. Stebbins-Vallois, deceased, respondent.

*Adolph Bangser,* special guardian for Horst H. Van der Leedin and another, infants, respondents.

COLLINS, S. The court holds that the donee of the power of appointment did not validly and effectively exercise the power. The written agreements between the decedent and the named appointees leave no room for doubt that the entire fund was to go to persons who were not objects of the special power. The exercise of the power was wholly void. (*Matter of Carroll,* 274 N. Y. 288; Restatement, Property, § 352.)

The will provides that in default of appointment " then the principal of the said share shall go to increase the shares of my other *surviving* children in equal proportions." (Emphasis added.) The testator had divided his estate among his five children. All of them survived him. The daughter whose share is accounted for is the last survivor of the children. The question on which the parties differ is whether the term " surviving children " means those surviving the testator or those surviving the termination of this trust. The parties cite decisions which give to the words " surviving children " varying interpretations that support one or the other of the conflicting arguments. The question is always one of intention of the particular testator, and the objective in each case is to find the meaning of those words as reflected in the context of the entire will of the testator. (*Matter of Parsons,* 242 N. Y. 246, 250.)

The decedent made his last will shortly after the death of his wife. His entire estate was devoted to the use of his five children.

It is significant that, except for the daughter whose trust is here involved, survival of the testator by his children was not a condition of any of the gifts. The residuary estate was not to be divided into shares for surviving children but was to be " divided into five equal shares." Four of the shares were placed in trust. One was given outright to a son " to him, his heirs and assigns " and was directed to be paid to " him or his representatives." The remainders of the trusts for another son and the other two daughters were bequeathed to their respective issue. In the event that they predeceased the testator, the remainders would have been accelerated; they would not have been destroyed. (*Matter of Fordham,* 235 N. Y. 384.) Thus it is clear that the testator made no distinction between children who predeceased him and children who survived him. Except for the share here involved, the equal shares were for a child or his family, and the death of the child before the testator did not destroy the interests of that child's issue.

In each of the trusts which he created, the testator employed the expression, " the principal of the said share shall go to increase the shares of my other surviving children in equal proportions." It was used in each case as a device for effecting disposition of a share when all other explicit directions failed. Thus, when there was a failure of issue, default in the exercise of appointments, and the explicit desires of the testator failed of fulfillment, he directed that the fund be divided and added to the share of his " other surviving children ". If his only purpose, upon the failure of all classes of remaindermen in any child's trust, was to route the fund proportionately through the other four trusts regardless of whether the child were then living or whether that share had vested in remaindermen, he would not have said, " my other *surviving* children " but rather " my other children ". Under that theory, survivorship at either date would be immaterial.

The testator has expressly said, however, that the subdivided share was to be added to the shares of his other " surviving " children. It seems reasonably clear that he was not thinking in terms of children who survived him but who might not be living at the time of the termination of a trust. Since in the general division of his property among the five children, the testator had made no distinction between children who predeceased him and children who survived him, it is not reasonable to suppose that he intended to make that distinction in the subdivision of a share after the death of a child. If he did intend to make survivorship at his death a prerequisite to sharing, the issue of one

child who had since died would share in the fund while the issue of a predeceased child would be barred. In such circumstances there would be inequality without apparent reason. On the other hand, a division of the fund among the trusts for children surviving the primary beneficiary would benefit the children of the testator then living.

Moreover, a division among those living at the time of division, will result in benefiting all members of the class to whom the donee was authorized to appoint the property. All parties are agreed that the donee of this trust had only a special power to appoint to brothers and sisters. The will is clear in that respect. She could not appoint to the children or the issue of a brother or sister. It was the intent of the testator that she appoint to her surviving brothers and sisters. The alternative direction for enhancing the shares of surviving children was to take effect only on the failure of a valid appointment. It is reasonable to expect that in default of an appointment which could be exercised in favor of a very limited class, the property would go to the benefit of all members of that class. That is what the testator has done when we read his direction as meaning children who survived the donee.

The court therefore holds that the testator intended that the principal of the trust accounted for be added to the shares of those of his children who survived his daughter, Blanche. There being no children surviving her and no other disposition of this portion of the residuary estate, the fund passes as intestate property to the personal representatives of the five children who were the testator's distributees at the time of his death.

Submit decree on notice construing the will and settling the account accordingly.