In the Matter of MARINE MIDLAND BANK, N. A., as Successor to Chautauqua National Bank and Trust Company of Jamestown, as Trustee under a Trust Created by CARL V. E. GUSTAFSON, Deceased.—Amended order modified on the law and as modified order and amended order affirmed without costs, in accordance with the following memorandum: Petitioner Marine Midland Bank, N. A. applied for a judicial settlement of the account of the estate of Carl V. E. Gustafson and for a construction of the decedent's will. The will provided a trust for decedent's wife and upon her death the residue was to be paid equally to the decedent's two brothers (Leonard and Roy). The will also provided that "if a brother predeceases the wife then his share of this trust shall be paid over to his surviving child or children, share and share alike." One brother (Leonard) predeceased decedent's wife and left two children, Jacqueline and Daniel. Daniel, however, also predeceased decedent's wife. Daniel's wife and children claim entitlement to Daniel's share of the trust, but Jacqueline claims entitlement to Leonard's full share to the exclusion of Daniel's

heirs. Surrogate's Court held that since no condition of survival of the life beneficiary (decedent's wife) was imposed upon the remainder interest of Jacqueline's father, then none was imposed upon her or her brother Daniel who stood in her father's steps. The court held that since Daniel died intestate his vested substitutionary remainder interest passed to his wife and children (see, EPTL 4-1.1 [a] [1]; [b]). We disagree.

The will specifically provided that if a brother predeceased decedent's wife that brother's interest would pass to his surviving child or children. Since Jacqueline is Leonard's only surviving child she is entitled to Leonard's entire one-half interest of the trust residue. We reject the claim of Daniel's children that they are entitled to one fourth of Leonard's remainder interest because the term "children" as used in the will embraces them as Leonard's grandchildren. The will as a whole does not show an unmistakable intent to support this interpretation (Matter of Villalonga, 6 NY2d 477, 480-481; see also, Matter of Welles, 9 NY2d 277; Matter of Gautier, 3 NY2d 502; cf., Prowitt v Rodman, 37 NY 42). Since Daniel did not survive decedent's wife, there was no interest to pass to his estate. Accordingly, we modify the amended order by awarding one half of the trust residue to Jacqueline, deleting the award of one fourth to Daniel's estate, and otherwise affirm the award of one half to Roy.

All concur, except Boomer and Pine, JJ., who dissent and vote to affirm for reasons stated at Chautauqua County Surrogate's Court, Cass, S. (Appeal from orders of Chautauqua County Surrogate's Court, Cass, S.—will construction.) Present —Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.