JAMES H. MULLARKY, as Trustee, etc., Respondent, *v.* JAMES SULLIVAN et al., Appellants.

The rule that words of survivorship in a will refer to the time of the testator's death applies only to an absolute gift to one and in case of his death to another; it has no application in a case where the first devisee or legatee takes a life estate.

While the courts favor a construction of a will which will permit the children of a deceased child of the testator to take, rather than one which will exclude them, this principle has no application in a case where the language of the will is plain and the intention of the testator is so clearly expressed as to leave no room for construction.

The will of S. provided that all his real estate should be deemed converted into personalty, his residuary estate he gave to his executors to invest and hold the same in equal shares and apply the income to the use of his surviving children "during the life of each of them severally and upon the death of each * * * to pay over the capital of the share of said child so dying to his or her descendants," and in case of the death of a child, "without leaving any descendants, then to pay over the capital of such child's share to his or her surviving brothers and sisters." The testator left surviving him six children, two of them died, one without descendants and the other leaving two children, then a third child died without descendants. In an action for the construction of the will, *held*, that the share of the child who died last went to the children of the testator who survived the child so dying, and that said two grandchildren were not entitled to share therein.

The testator made specific devises and bequests to certain of his daughters for life then to their descendants, adding these words to each "if she leaves no issue surviving her then to my other daughters that may be in life at the time of the death of my said daughter, and the child or children of any of my daughters that may have died, if such there be, taking *per stirpes* and not *per capita*." *Held*, that the difference in the language of the two provisions instead of tending to show that the intent of the testator in both cases was the same, served but to emphasize the different intention.

*Mullarky* v. ~~Smith~~ Sullivan (63 Hun, 156), reversed.

(Argued November 30, 1892; decided December 13, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 8, 1892, which affirmed a judgment entered upon a decision of the court at Special Term. This action

was brought to obtain a construction of the will of James. Sullivan, deceased.

The facts, so far as material, are stated in the opinion.

*William J. Gaynor* for appellants. The words "brothers" and "sisters" must be used in their primary sense, if indeed, they can ever have any other. (*Palmer* v. *Horn*, 84 N. Y. 516; *Palmer* v. *Dunham*, 125 id. 68.) The rule of interpretation applicable is well settled. The question is, are the words of the will plain in meaning? If they are, that is the end of the case; they must be given their natural meaning, no matter what the result. (*Wylie* v. *Lockwood*, 86 N. Y. 291; *Patchen* v. *Patchen*, 121 id. 432.) The rule that in an absolute devise, to one, and in case of his death to another, the contingency referred to is death in the lifetime of the testator, does not govern the question here in dispute. (*Fowler* v. *Ingersoll*, 127 N. Y. 472; *Mead* v. *Maben*, 131 id. 255.)

*Albert E. Lamb* and *William N. Dykman* for respondent. A consideration of the whole will shows the testator meant his grandchildren to take every share original or accruing which their parents would take if living. (*Badger* v. *Gregory*, L. R. [8 Eq.] 78.) There was a remainder expectant upon the termination of this trust life estate. (*Ham* v. *Van Orden*, 84 N. Y. 257; *Griffin* v. *Shepard*, 124 id. 70; *Purdy* v. *Hoyt*, 92 id. 446; *Moore* v. *Lyons*, 25 Wend. 119.) The word "surviving" or "survivor" is read either on slight indications that such is the testator's intent. (*Carter* v. *Bloodgood*, 8 Sandf. Ch. 293; *Eyre* v. *Marsden*, 4 M. & C. 231; *In re Arnold*, L. R. [10 Eq.] 252; *Wheeler* v. *Allen*, 54 Me. 232.) Where the words of survivorship are used, unless the will discloses a contrary intent, they refer to the death of the testator. (*Lyons* v. *Mahan*, 1 Dem. 180; *In re Mahan*, 98 N. Y. 372; *Moore* v. *Lyons*, 25 Wend. 119; *Williamson* v. *Field*, 2 Sand. Ch. 605; *Lovett* v. *Bulvid*, 3 Barb. Ch. 145; *Johnson* v. *Valentine*, 4 Sanf. 36; *Scott* v. *Guernsey*, 48 N. Y. 106; *Manice* v. *Manice*, 43 id. 303;

*McKinstry* v. *Sanders*, 2 T. & C. 181 ; *Livingston* v. *Greene*, 52 N.Y. 118 ; *Kelly* v. *Kelly*, 61 id. 50 ; *Hopkins* v. *Hopkins*, 1 Hun, 355 ; *Weed* v. *Aldrich*, 2 id. 531 ; *Bedell* v. *Guyon*, 12 id. 396 ; *Embury* v. *Sheldon*, 68 N.Y. 227 ; *Stevenson* v. *Lesley*, 70 id. 512 ; *Warner* v. *Durant*, 76 id. 133 ;. *Robert* v. *Corning*, 89 id. 225 ; *Newton* v. *Ayscough*, 19 Ves. 534.) It is impossible to read this will as a whole, without receiving the impression that the intention of the testator was to give to his grandchildren the same shares in his estate that their parents would have taken had they then survived him. (*Scott* v. *Guernsey*, 48 N. Y. 106 ; *Low* v. *Harmony*, 72 id. 408 ; *In re Brown*, 93 id. 299.)

O'BRIEN, J.    This appeal calls for the construction of the will of James Sullivan, who died in the year 1866. The testator provided that all his real estate should be deemed converted into personalty, and then proceeds to make certain specific devises and bequests to his wife and certain of his children, the validity of which are not in question. The residuary estate was devised and bequeathed to his executors in trust to invest and hold the same in equal shares and to apply the income thereof to the use of such of his children as should survive him " during the life of each of them severally, and upon the death of each of my said children, to pay over the capital of the share of such child so dying to his or her descendants, if any, equally to be divided between such descendants, if more than one, and if any of my said children should die without leaving any descendant, then to pay over the capital of such child's share to his or her surviving brothers and sisters." The testator left surviving him six children, and consequently the executors were required by the terms of the will to divide the residuary estate into six equal shares and to pay the income thereof to each of the children respectively. Three of these children have since died, two of them without descendants and the other leaving two children, who are parties to this action. No question seems to be presented by the record as to the disposition of the shares of the first two chil-

dren who died, but upon the death of the third child, Frances, in April, 1891, without descendants, the question arose whether her share devolved upon her three surviving brothers and sisters, or whether the two grandchildren of the testator above mentioned took such share of it as their parent would have taken if living. They are the children of Mary Ann Mullarky, one of the testator's daughters, who died in 1874. The courts below have held that the words "surviving brothers and sisters" include the children of a deceased sister, and that, therefore, the share in question should be paid over to the three surviving brothers and sisters of the deceased child, and to the two grandchildren of the testator, the latter to take the share which their parent would have been entitled to if living when the share was released from the trust. The three surviving children of the testator claim the whole share of Frances, and have appealed from the judgment. While it is true that courts favor a construction which will permit the children of a deceased child to take, rather than one which will exclude them (93 N. Y. 295), yet this principle can have no application in a case where the language of the will is plain or where the intention of the testator is so clearly expressed as to leave no room for construction. There is certainly no ambiguity in the language which the testator made use of in disposing of the trust shares to his children in case any of them died without issue. He has declared in the most explicit terms that in such event that the share should go to the brothers and sisters of the child so dying, and this disposition necessarily excluded the children of a predeceased brother or sister. In ascertaining the intention of the testator, we must give to his words their natural and ordinary meaning, and thus understood the appellants alone were obviously the persons upon whom he intended the trust share to devolve in the contingency which the case presents. In behalf of the grandchildren it is suggested that other parts of the will and the general scheme of the testator indicate an intent that they should take in the distribution of the share of Frances the same part of it as their mother would have taken if living. It is perfectly true that

in determining what the testator meant every part of the will must be considered, and that the natural and ordinary meaning of the words of a particular clause may be modified by other provisions. The testator made certain specific devises and bequests to certain of his daughters for life then to their descendants adding : " But if she leaves no issue surviving her, then to my other daughters that may be in life at the time of the death of my said daughter, and the child or children of any of my daughters that may have died, if such there be, taking *per stirpes*, and not *per capita*." There can be no doubt that the testator plainly provided for a different disposition of the remainder in the specific devises and bequests, in case of the death of the life tenant without issue, than that embraced in the residuary clause with respect to the trust share of a child dying without descendants. But in both cases he uses plain and appropriate language to accomplish the purpose he evidently had in view. The difference in meaning and language between the two provisions is so pronounced that it serves to emphasize the different intention which the testator had rather than to furnish an argument in support of the proposition that the intent in both cases was the same. This conclusion cannot be reached without doing violence to language which is in itself perfectly plain. The court below seems to have arrived at the conclusion that grandchildren were included in the disposition made of the remainder in the trust shares on the ground that the words of survivorship referred to the time of the testator's death. In some cases the words are so construed, but not in a case like this. It is only in the case of an absolute devise or bequest to one and in case of his death to another that the words are given such a meaning, and the rule has no application to a case where the first devisee or legatee takes a life estate. ( *Vanderzee* v. *Slingerland,* 103 N. Y. 47 ; *In the Matter of N. Y., L. & W. R. Co., etc.,* 105 id. 89 ; *Fowler* v. *Ingersoll,* 127 id. 472 ; *Mead* v. *Maben,* 131 id. 255.)

Neither the language of the residuary clause nor any provision of the will is in any respect ambiguous. The testator

has succeeded so well in expressing his meaning and intention in clear and plain words that there is no occasion or necessity for construction, and the only function that courts can have in such a case is to enforce the will according to its terms.

The judgment should therefore be reversed and judgment entered for defendants construing the will in conformity with this opinion, costs of all the parties in all the courts to be paid out of the estate.

All concur.

Judgment accordingly.