In the Matter of the Accounting of GEORGE C. BUECHNER, as Trustee under the Will of CHARLES F. GRIFFITH, Deceased.

WILLIAM H. GRIFFITH et al., Appellants; MARY S. GRIFFITH, as Administratrix of the Estate of LUTHER GRIFFITH, Respondent.

**Will — testamentary trust — remainder — provision giving life estate to testator's brother and remainder to children of brother living at time of his death — estate of child who died before testator's brother entitled to no part of remainder.**

Where testator gave to a trustee one-half of his residuary estate in trust for the use of a brother and further provided that " Upon the death of my said brother  * * *,  I direct my trustee to divide the said estate so held in trust into as many shares as there shall be children of my said brother  * * *  living, and I give, devise, and bequeath one of each of the said shares unto each of the children of my said brother," and at the time of the death of testator's brother two of his children were living, a third child having died before him, it must be held that the trust estate be divided into two shares, one for each of the children of testator's brother living at his death; and the administrator of the deceased child is entitled to no part of the estate.

*Matter of Buechner*, 188 App. Div. 894, reversed.

(Argued May 21, 1919; decided June 3, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 5, 1919, which affirmed a decree of the Kings County Surrogate's Court, judicially settling the accounts

of George C. Buechner, as trustee under the will of Charles F. Griffith, deceased.

The facts, so far as material, are stated in the opinion.

*George L. Ingraham, Samuel F. Moran* and *Louis B. Grant* for appellants. The trustee could not properly divide this trust property into any more shares, or less shares, than there were children of William living at the time of the division. (*Cammann* v. *Bailey*, 210 N. Y. 19; *Wadsworth* v. *Murray*, 161 N. Y. 274; *Robinson* v. *Martin*, 200 N. Y. 159; *Shipman* v. *Rollins*, 98 N. Y. 311; *Salter* v. *Drowne*, 205 N. Y. 204.) The final division and distribution is to be made among a class and must, therefore, be confined to those members of the class living at the date when the distribution or division is directed to be made. (*Matter of Baer*, 147 N. Y. 348; *Salter* v. *Drowne*, 205 N. Y. 204; *Matter of Sandhusen*, 80 Misc. Rep. 383; *Matter of Kimberly*, 150 N. Y. 90; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y. 405; *Teed* v. *Morton*, 60 N. Y. 502; *Matter of Smith*, 131 N. Y. 239.)

*John L. Sheppard* for Mary S. Griffith, as administratrix of the estate of Luther Griffith, respondent. When a will is capable of two constructions, one of which will exclude the issue of a deceased child and the other permit such issue to participate in a remainder limited upon a life estate given to a parent of the child, the latter construction should be adopted. (*Matter of Brown*, 93 N. Y. 295; *Pond* v. *Bergh*, 10 Paige, 140; *Soper* v. *Brown*, 136 N. Y. 244; *Scott* v. *Guernsey*, 48 N. Y. 106; *Low* v. *Harmony*, 72 N. Y. 408.) Where an estate is given in one part of an instrument in clear and decisive terms such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving that estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Clarke* v. *Leupp*, 88 N. Y. 228; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Benson* v. *Corbin*,

145 N. Y. 351.) The principles in the above cases are equally applicable where the phrases of the instrument which tend to take away or cut down a gift precede the words of gift. (*Kurtz* v. *Wiechmann*, 75 App. Div. 26; *Matter of Randall*, 77 Misc. Rep. 41; *Matter of Lynch*, 89 Misc. Rep. 63.)

CARDOZO, J. The will of Charles F. Griffith has been construed upon the settlement of the accounts of his trustee; and by this appeal the construction becomes subject to revision here.

The testator gave to a trustee one-half of his residuary estate in trust for the use of a brother, William H. Griffith, during life, with remainder as follows: " Upon the death of my said brother, William H. Griffith, I direct. my trustee to divide the said estate so held in trust into as many shares as there shall be children of my said brother William H. Griffith living, and I give, devise, and bequeath one of each of the said shares unto each of the children of my said brother William H. Griffith, absolutely and forever."

Two children of William H. Griffith were living at his death. A third child died before him. The question is whether the administratrix of the deceased child is entitled to a share of the estate. The surrogate has held that there must be a division into thirds. The Appellate Division affirmed by a divided court.

We reach a different conclusion. The will directs the trustee to divide the estate upon the death of the brother into as many shares as there shall be children of that brother " living." The decree directs him to divide it into as many shares as there are children living and dead. The two directions cannot stand together (*Marsh* v. *Consumers' Park Brewing Co.*, 220 N. Y. 205, 212; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Low* v. *Harmony*, 72 N. Y. 408). The mandate of the will is nullified by the mandate of the decree. We are told that this result

is justified by the words of gift that follow the direction
to divide. At the beginning of a sentence, the testator
restricts the shares to the number of living children. The
argument is that at the end of the same sentence, he
abandons the restriction. Nothing in the will suggests
so volatile a purpose. The principle of division is not
changed by the words of gift which supplement the direc-
tion to divide. They have no effect except to confirm
the title of a class already unmistakably described.
" One of each of the *said* shares," *i. e.*, the shares appor-
tioned to living children, is bequeathed to each child.
There cannot be one share for each, unless allotment
and bequest are to follow the same lines. " Futurity is
annexed to the substance of the gift " (*Smith* v. *Edwards*,
88 N. Y. 92), for the only shares bequeathed are the shares
produced by the allotment. This is no case for the
application of the rule that between two inconsistent
clauses, the later will be preferred as the expression of the
final purpose. Words are never to be rejected as meaning-
less or repugnant if by any reasonable construction they
may be made consistent and significant. Excision is a
" desperate remedy " (*Adams* v. *Massey*, 184 N. Y.
62, 69). It is " only a last resort, to be availed of when all
efforts to reconcile the inconsistency by construction have
failed " (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20). Here
we perceive no conflict, and surely none that is inevitable.
This is no case again for subtle distinctions between
directions to pay or distribute, and words of present
gift (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 583;
*Matter of Baer*, 147 N. Y. 348). Such tests may help to
ascertain the membership of a class not otherwise defined.
There is no need to resort to them when the testator has
defined the membership himself. We think he has done
so here, and limited his gift to the children living at the
division. A single sentence includes the direction to
divide and the gift of the thing divided. The class
that is to share in the division is ascertained. The same

class must share in the gift to which division is to lead. We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail (*Robinson* v. *Martin,* 200 N. Y. 159, 164; *Mullarky* v. *Sullivan, supra,* pp. 230, 232).

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed, with costs in all courts, and the proceeding remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.