JAMES M. EMMONS, Plaintiff, *v.* MARTHA EMMONS WEIHMAN et al., Defendants.

(Supreme Court, New York Special Term, June, 1920.)

Partition — actions — wills — vested remainders — life estates.

 A will directed payment of the rents, issues and income of certain premises to the daughter of testator for life, payment to be made only upon her sole and separate receipt, and upon her decease without issue her surviving, the premises were devised to the two sons of testator. The will further directed that in case of the decease of either of testator's children leaving issue, such issue should take and receive the same under the will as their deceased parents would have taken if living. Testator died leaving him surviving two sons and a daughter, and the death of one of the sons who left a last will which was admitted to probate was followed by the death of the daughter unmarried and without issue. In an action for partition *held*, that under the father's will the son who died took a vested remainder in the premises, which was not divested by his death, and that his daughter, who survived both him and the life tenant, took the share which her father would have taken if living at the expiration of the life estate.

ACTION for partition.

Supreme Court, June, 1920.          [Vol. 112.

Hill, Lockwood & Redfield (Robert L. Redfield, of counsel), for plaintiff.

Cannon & Cannon (Wilfred N. O'Neil and Charles M. Cannon, of counsel), for defendant Martha Emmons Weihman.

Stewart & Shearer (W. A. W. Stewart, of counsel), for defendant United States Trust Company, as executor and trustee under the last will and testament of Francis R. Emmons, deceased.

GIEGERICH, J. This action is brought for the partition of real estate and presents as its sole question the construction of the will of the testator, through whom the entire title is derived. The controversy relates to the one-half share which would have gone to Francis R. Emmons had he survived. The 4th paragraph of the will of Francis Emmons, through whom the title comes, provides as follows: "*Fourth.* I give and bequeath the rents, issues and income of the house and lot number 130 West Forty-eighth street * * * to my said daughter, Maria Louisa Emmons, during her natural life, to be paid to her upon her sole and separate receipt and not otherwise, and upon her decease leaving issue her surviving I give and devise the said house to her said issue share and share alike, and in case of her decease without issue her surviving I give and devise the said house and lot to my two sons, Francis Robbins and James McGregor." The 7th paragraph is as follows: "*Seventh.* I order and direct, and it is my will, that in case of the decease of either of my children leaving issue such issue shall take and receive the same under this my will as their deceased parent would have taken if living." Francis Emmons, the testator, died on March 28, 1885, leaving him surviving three children, James McGregor

Emmons, Francis Robbins Emmons and Maria Louisa Emmons. Maria Louisa Emmons died on October 1, 1919, unmarried and without issue. Francis Robbins Emmons predeceased her, having died on April 10, 1918, leaving a will which was admitted to probate and of which the defendant, the United States Trust Company, is the executor. The question presented is whether, under the above quoted provisions of the will of Francis Emmons, his son, Francis Robbins Emmons, took a vested interest in remainder in the premises in question and which is now represented by his executor and trustee, or whether his interest was divested by his death before the death of Maria Louisa Emmons, the life tenant, and passed to his daughter, the defendant, Martha Emmons Weihman. There seems to be no substantial dispute, but that, under paragraph 4th, taken alone and without reference to paragraph 7th, the death referred to means death before the expiration of the life estate and not death before the testator. *Mullarky* v. *Sullivan,* 136 N. Y. 227; *Matter of Denton,* 137 id. 428; *Lyons* v. *Ostrander,* 167 id. 135; *Marsh* v. *Consumers Park Brewing Co.,* 220 id. 205. Under that rule of construction the defendant executor claims that the remainder in question vested in Francis Robbins Emmons, subject to being divested by the birth and survival of issue of Maria Louisa Emmons, the life tenant, and that as she died without issue that share now belongs to the defendant executor and trustee of the last will and testament of Francis R. Emmons. The addition of paragraph 7th precludes this meaning, however, as I construe it. The defendant Weihman survived her father and survived the life tenant and, therefore, took the share which her father would have taken if living at that time, that is, at the time of the expiration of the life estate. The defendant executor argues that

this construction is not permissible, because it would make paragraph 7th mean one thing when applied to paragraph 4th and another when applied to paragraph 6th, which latter paragraph makes immediate and absolute gifts, and in which the event of survivorship referred to must be the death of the testator. I can see no difficulty in such a result, however. On the contrary, that situation in this or any other similar case would furnish a ground for putting the direction in question in a separate paragraph and at the end of the will. By such a method the matter is taken care of for the entire will, however varied and numerous might be the provisions for the beneficiaries named. Some gifts might be made to go into possession of the beneficiaries at the death of the testator, others at the death of a life tenant or of a trust beneficiary or upon the occurrence of some other event. In any such case I do not think it a strange but rather a natural and draughtsmanlike thing to do to follow the method here employed. If the testator intends under all parts of his will that the issue of any deceased beneficiary named shall take the share their parent would have taken if living, then a single statement to that effect is better than numerous repetitions. In the case before us, I do not think there is any room for doubt that such was the intention of the testator, because the statement is made in a separate paragraph, separately numbered and placed at the end of the will. I have passed upon the requests of the defendants, whether presented as such strictly or in the form of a proposed decision, and have signed the decision and interlocutory judgment as presented by the plaintiff, because they embody all the findings and conclusions made by me in accordance with the views above expressed.

Judgment accordingly.