In the Matter of the Estate of MAYER MICHAELS, Deceased.

Surrogate's Court, New York County, July 10, 1929.

*Harry Edwards*, for the petitioner.

*William P. Schoen*, special guardian.

O'BRIEN, S.   In this accounting proceeding the court is asked to construe the following provisions of testator's will:

" *Second.* I hereby give and bequeath to my beloved wife, Betty Michaels, the sum of $3000.00 in trust nevertheless, upon the following uses and trusts, to invest the said sum of $3000.00, in any manner which she may deem prudent and pay the income derived therefrom semi-annually to the children of my son Sol Michaels equally share and share alike during the lifetime of their father, the said Sol Michaels.

" *Third.* Upon the death of my said son Sol Michaels I give and bequeath the said sum of $3000 to his children who may survive him and his wife Sarah Michaels, equally share and share alike.   Should the said children of my said son Sol Michaels and his wife Sarah Michaels predecease my son Sol Michaels, then I direct that the said sum of $3000.00 shall revert to and become a part of my residuary estate."

Sol Michaels, the son, survived the testator and subsequently was divorced by his wife Sarah.   At that time there were three children by his marriage to Sarah.   He has since remarried and two children have been born of his second marriage.   The question presented is whether or not these last mentioned two children have any interest in the trust fund as beneficiaries and remaindermen.

I hold that the class of children of Sol Michaels entitled to receive the income and remainder of the trust fund is limited by the language of paragraph 3 of the will to the three children by his wife Sarah.   To enlarge the class to include the two children

of the second marriage would require that the will be rewritten, or that the perfectly plain provisions thereof referring to the children of Sarah be overlooked and omitted. As was stated by the court in *Matter of Buechner* (226 N. Y. 440, at p. 444): " We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail." (Citing *Robinson* v. *Martin*, 200 N. Y. 159, 164; *Mullarky* v. *Sullivan*, 136 id. 227, 230, 232.)

Submit decree on notice construing the will and settling the account accordingly.