In the Matter of the Estate of MARY HOESCHELE, Deceased.

Surrogate's Court, Oneida County, March 31, 1933.

*Foley & Guile*, for Mary J. Hoeschele.

*Sisson & Hartness*, for Henry T. Hoeschele.

*M. J. Margaret Brahe*, special guardian for Helen Haley and others, infants.

EVANS, S. This is a proceeding to construe the will of the above-named testatrix. The particular portions affected are as follows:

"*Third.* I have heretofore advanced and given to my children, Mrs. Martha Sheldon, Mrs. Helen A. Haley and Henry T. Hoeschele, money and property equal to their shares in my estate, which is the reason why I do not make other provision for them herein than as hereinafter stated.

"*Fourth.* I give, devise and bequeath all the rest of my property, of every name and nature and wherever situated to my son, George F. Hoeschele and my daughter, Mary J. Hoeschele, or the survivor.

"*Fifth.* Upon the death of my said son George and daughter Mary, I give, devise and bequeath the rest of my estate to and among my said daughters, Mrs. Martha Sheldon, Mrs. Helen A. Haley and my son, Henry T. Hoeschele, equally, share and share alike; the survivor or survivors to take the whole; the children of a deceased child to take their parent's share."

It is the contention of George T. Hoeschele and Mary J. Hoeschele, the persons mentioned in the paragraph marked "third," that an absolute fee is vested in them. Martha Sheldon, Henry T. Hoeschele and the infant children of Helen A. Haley (now deceased) assert that George F. and Mary J. Hoeschele take a life use with remainder to the persons named in the fifth paragraph.

There is a current expression among the legal fraternity "that no will has a brother."

Efforts to formulate set rules of construction have met with indifferent success.

There is universal agreement however that the intention of the testator is the underlying object to be sought. It is also elementary that testamentary intent is to be gathered from a reading of the

will as a whole. (*Matter of Hughes*, 225 App. Div. 29; *Matter of Buechner*, 226 N. Y. 440.)

It is also well established that an absolute testamentary gift will not be cut down by a subsequent direction which is not equally clear. (*Goodwin* v. *Coddington*, 154 N. Y. 283; *Matter of Rossiter*, 134 Misc. 836; *Matter of Rooker*, 248 N. Y. 361.)

The language of the will lacks precision and is contradictory. Standing alone and discarding modifications the fourth paragraph gives to the children, George and Mary, absolute title to the real and personal property. However it seems clear to me that this was not the desire or intent of the testatrix. She explains in the third paragraph of her will that the other children, Martha, Helen and Henry had previously received money and other property and assigns this fact as a reason why other provision is not made " than as hereinafter stated." Here is evidence that some provision in the will of less value is to be made for these three children. What this provision is, the fifth paragraph discloses.

After the death of George and Mary the ownership becomes vested in the three other children, Martha, Helen and Henry, provided they have survived George and Mary. In the event that any or all of the three children should predecease George and Mary leaving children, then such child or children shall take the parent's share.

I hold and decide that George and Mary take a life use of the real and personal property without right to invade the principal. That upon the death of George and Mary the absolute title vests in Martha and Henry and the minor children of Helen, now deceased, viz.: Helen, James, Edward and Margaret Haley, the said infants being entitled to the share of their mother, Helen. In the event of the death of either or both Martha and Henry prior to the death of George and Mary, their child or children shall take the deceased parent's share when the life estate is terminated.

Decreed accordingly.