OSWEGO FALLS CORPORATION, Appellant, v. CITY OF FULTON and Others, Respondents.— Motion for reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. (Order entered May seventh.)

FRANK C. HOGAN, Respondent, v. GUST JOHNSON and Others, Appellants.— Motion for reargument granted. (Order entered May seventh.) [See *ante*, p. 653; *post*, p. 914.]

In the Matter of Proving the Last Will and Testament of MILDRED KIRCHNER, Deceased.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. (Order entered May seventh.)

JAMES BARRENCOTTO, Respondent, v. COCKER SAW COMPANY, INC., Appellant. — Motion for reargument denied; motion for leave to appeal to the Court of Appeals granted and question for review certified. [See *ante*, p. 795.]

FREDERICK A. MANN, Appellant, v. GEORGE SCHNEEBERGER, etc., Respondent. — Motion granted substituting Walter Major, as superintendent of highways of the town of Irondequoit, Monroe county, as a party defendant herein in place of George Schneeberger, individually and as superintendent of highways of the town of Irondequoit.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, v. JACOB B. STEADMAN, Appellant, and Others, Defendants.— Hon. Charles B. Wheeler, official referee, is appointed as referee to take the proofs and report to this court with his opinion upon the question as to whether the appellant has conformed to the provisions of rule 9-a of the Rules of Civil Practice.

In the Matter of the Application of MARY J. HOESCHELE, for a Determination as to the Validity, Construction, etc., of the Last Will and Testament of MARY HOESCHELE, Deceased.— Decree modified in accordance with the memorandum and as modified affirmed, with separate bills of costs to parties appearing by separate attorneys and filing briefs upon this appeal, payable out of the estate. Memorandum: We construe this will, applied to the circumstances, as giving a devise and bequest of a fee simple absolute in equal shares to George and Mary Hoeschele. We construe the words " or the survivor " in the fourth paragraph as relating solely to a survivorship occurring during the life of the testatrix. (*Matter of Evans*, 234 N. Y. 42.) Considering the intention expressed in the third paragraph, we find the fifth paragraph of too uncertain meaning to have the effect of cutting down the devise and bequest in fee simple expressed in the fourth paragraph to life estates. (*Trask* v. *Sturges*, 170 N. Y. 482; *Banzer* v. *Banzer*, 156 id. 429; *Tillman* v. *Ogren*, 227 id. 495, 505; *Goodwin* v. *Coddington*, 154 id. 283.) The fifth paragraph would have had importance if both George and Mary had died during the life of the testatrix. All concur. [147 Misc. 105.]