In the Matter of the Estate of GEORGE L. HAWLEY, Deceased.

Surrogate's Court, Oneida County, May 19, 1937.

*Edward Bock*, for the petitioner, William J. Hawley.

*Harold M. Hartness*, special guardian for Edna May Hawley, an infant.

MORRIS, S. This matter has been brought before the court under the provisions of section 145 of the Surrogate's Court Act, as an independent proceeding to construe certain portions of the holographic will of George L. Hawley, deceased. A decree judicially settling the accounts of the executors was granted herein on the 10th day of July, 1936, wherein it is recited that the petitioner in this proceeding, William J. Hawley, is to have only the life use of the estate of the decedent. There was no independent proceeding in the estate for the construction of paragraph fifth of the will and from the petition herein it does not appear that any serious objection was raised to the wording of the fifth paragraph. The matter is serious enough to all parties concerned so that a direct issue should be allowed on the construction of this paragraph and I hold that the petition is properly before the court.

The will of the decedent was drawn on a common printed blank and the provisions thereof were written in by the decedent with pen and ink. The decedent was not a lawyer, nor from the language employed was he well acquainted with legal phraseology. It should be noted that the testator was not particularly orthodox in his use of capitals and punctuation. Very often throughout the will he has capitalized the first letters of words regardless of whether

they are at the beginning or in the middle of a sentence and periods are used indiscriminately.

The paragraph which is troublesome to the parties reads as follows:

"*Fifth.* I give and bequeath unto my wife, Sylvia E. Hawley (if living at the time of my demise) The use and income from all the rest & residue of my estate Including The use of the Home situated on Utica St. Clinton. N. Y. and its appurtenances, during her natural lifetime. Otherwise to my beloved son, Wm. J. Hawley (in event of her death before my passing) Then to said son Wm. J. Hawley, under same conditions as heretofore stated Regarding the Wife and at said sons Death. such entire balance of estate left at His Death I give and bequeath to his next of Kin and heirs at Law."

At the outset it should be remembered that the purpose of the court should be to carry out the clearly expressed wishes of a testator, no matter how clumsily he may have expressed himself, if his intentions are clear. In the words of Judge CARDOZO in *Matter of Buechner* (226 N. Y. 440, at p. 444): " We need no canon of construction to justify that holding, except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and when ascertained, is to prevail (*Robinson* v. *Martin,* 200 N. Y. 159, 164; *Mullarkey* v. *Sullivan,* 136 N. Y. 227, pp. 230, 232)." With that canon of construction in mind it seems clear to me that the fifth paragraph of the will should be read and construed as a connected whole and I believe it would be thwarting the testator's expressed intentions to construe sections or phrases of this important paragraph separately and without regard to the rest of the paragraph.

In the beginning of the fifth paragraph the testator states: " I give and bequeath unto my wife, Sylvia E. Hawley (if living at the time of my demise) * * * during her natural lifetime." That is a contingency which was fulfilled. Sylvia E. Hawley, the decedent's wife, survived him by nearly a year and entered into and enjoyed the life use so provided. Following the clearly expressed life estate to the wife the testator continues: " Otherwise to my beloved son, Wm. J. Hawley (in event of her death before my passing)." This contingency, namely, that the son should take an interest in the estate in the event that the widow predeceased the testator, never came into operation due to the survivorship of the wife. The exact quality of the estate which the testator had in mind to descend to his son, William J. Hawley, is clearly expressed in the last sentence of the paragraph. It reads: " Then to said son, William J. Hawley under same conditions as heretofore stated

Regarding the Wife and at said sons Death. Such entire balance of estate left at His Death I give and bequeath to his next of Kin and heirs at Law," which clearly limits William J. Hawley to a life use with a remainder to his next of kin and heirs at law. I hold that it was not the intention of the testator to make an absolute gift to William J. Hawley, but that his estate is one of use for life without the power to invade the principal. (*Tillman* v. *Ogren*, 227 N. Y. 495.)

Counsel has argued that the phrase " such entire balance of estate left at his death " bequeathed to remaindermen should be construed so as to give the petitioner the right to invade the principal. Unfortunately for the petitioner there is no word or indication in the entire will that the testator wished this petitioner to have any of his money or estate outright, in fact quite the contrary, since by paragraph fourth of the will he sets up a trust for the benefit and use of the petitioner during his lifetime. The words used by the testator, namely, " such entire balance left," etc., would seem to me to be a reasonable expression by a layman to balance his estate, the exact amount of which he did not probably know himself, and from which he expected bequests and expenses would be taken. There is nothing which leads the court to suspect that he intended anything more than the usual and ordinary meaning of the words used. Counsel has argued that the remainderman, a young lady sixteen years of age, joins with the petitioners in an expression that a construction of the will giving William J. Hawley a life estate would be unequitable and undesirable. However that may be, it is the duty of this court to interpret the wishes of the decedent as they are found clearly and reasonably expressed in his will and I am compelled to hold that his intentions are clearly planned to withhold anything but the income of his estate from his son, William J. Hawley.

Decreed accordingly.