Shientag, J.
We do not agree with the construction of the will by the learned Surrogate. The will was written in longhand on a printed law blank by the testator about a year and a half before his death. He was a certified public accountant with about eight employees one of whom was Goodman, whose legacy is here involved. The testator was a member of the New York bar but there is nothing to indicate that he practiced law other than in connection with tax matters. His earnings from his accounting practice in 1948, were over $40,000. The provision of the will which is here in controversy reads as follows: ‘ ‘ First, after my lawful debts are paid, I give unto my associate, Murray Goodman, any and all interest in the accounting practise which I conduct, (but not in any tax practise in which I may be in partnership with others), and all the monies due therefrom and all furniture and records belonging thereto; and request that he continue the same and pay out of such practise to my wife Bose the sum of ($150.00) One hundred fifty dollars per month for one hundred twenty months, or for her life if she die sooner, immediately following my demise. In the event however, that my wife shall predecease me or die in a common accident or disaster with me, then he shall have any and all rights to said practise and other matters relating thereto without any of the foregoing obligations.”
The will then made additional bequests: to one nephew $2,500; to each other nephew and niece, $1,000; to a sister $2,500; all in case they be alive at his death. The residue was left to the widow “ absolutely and forever.” The testimony was that the net residue would be in the neighborhood of $40,000. The learned Surrogate held that under the will ‘1 Deceased left compliance with his ‘ request ’ that payments be made to his widow, solely to the legatee’s moral sense of duty The learned Surrogate also held that the “ practice of deceased as a certified public accountant was dependent for its success upon the personal skill and professional qualifications of deceased. That practice did not possess a good will that could be bequeathed to the legatee ”.
We are of the opinion, construing the will as a whole, that the distinctive language employed by the testator clearly imports an obligation — a legal obligation — by the legatee if he accepts the legacy bequeathed to him to make payment to the widow *387 in the manner therein described. The amount, the duration, the subject matter, and the recipient of the obligation are all clearly and definitely expressed. All this would indicate that the intention of the testator was not to use precatory words expressing desire or hope but to use words giving “ an express, binding direction.” Whether or not the practice of the decedent as a certified public accountant possessed a good will, that could be measured in dollars and cents, is not directly before us at this time except insofar as the answer thereto might throw light on the intent of the testator. As we interpret the will, the testator did make a bequest to Goodman and that bequest was upon condition that the legatee pay to the widow of the decedent the sum of $150 per month for the period and under the conditions described in the will. The legatee was not obliged to accept the bequest but, if he did, he had to take it subject to the conditions imposed. To accept the contention of respondent would be to ignore the use of the word “ obligations ” employed by the testator. “ Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a ‘ desperate remedy ’ (Adams v. Massey, 184 N. Y. 62, 69). It is ‘ only a last resort, to be availed of when all efforts to reconcile the inconsistency by construction have failed ’ (Van Nostrand v. Moore, 52 N. Y. 12, 20). Here we perceive no conflict, and surely none that is inevitable.” (Matter of Buechner, 226 N. Y. 440, 443.) It would serve no useful purpose to deal with so-called rules of construction. In the last analysis, each will is unique and must be construed in the light of its own language.
If there is any one principle running through the cases on this subject, it is that gifts to persons other than the natural object of a testator’s bounty should be clearly and plainly expressed. We are of the opinion that there is no ambiguity in this will and that it should receive the construction contended for by the widow.
We deal only with the question of construction of the will. It is unnecessary to decide at this time whether the accounting practice of decedent had any good will after his death. Nor is it necessary to decide at this time whether the legatee has in fact accepted the legacy and is thus bound to carry out the conditions imposed upon it or is still free to renounce the bequest made to him. These matters may be determined upon appropriate proceedings for that purpose. The Surrogate acted properly in granting the motion to construe the will and not *388 postponing that question until the accounting, and there is no reason for interfering with the fee he fixed.
The decree appealed from should, therefore, he modified in accordance with the foregoing opinion and, as so modified, affirmed, with costs to each of the parties appearing by separate attorneys, payable out of the estate.
Peck, P. J. and Callahan, JJ., concur; Glennon and Cohn, JJ., dissent and vote to affirm. „
Decree modified in accordance with the opinion herein and, as so modified, affirmed, with costs to each of the parties appearing by separate attorneys, payable out of the estate. Settle order on notice.