S. Samuel Di Falco, S.
The executor requests a construction of decedent’s will as part of Ms final accounting. Testatrix died on January 13,1958. In her will dated November 20,1930, after making a specific legacy of jewelry and a bequest of $1 *714 to her husband whom she said had abandoned her and refused to support her, she directed in paragraph Fourth that her residuary estate be divided into five unequal parts. Four were given outright and one share, a one-ninth part, is to be held in trust for decedent's sister with power in the trustees to invade the principal for her support. Upon the latter’s death the principal is to “ sink into and form part of the residue of my estate ’ ’. In paragraph Fifth testatrix bequeathed her residuary estate in equal shares to four individuals “ or the survivors ”. They are the same persons, except for decedent’s sister, as were named in paragraph Fourth.
It appears that William D, Liserani, a friend of decedent, named as a legatee in both paragraphs predeceased her. The question of the disposition of the one-third share bequeathed to him in paragraph Fourth of the will is presented for determination. The executor who is a brother of the decedent and named as a legatee of one third of the residue in paragraph Fourth and as one of the four legatees in paragraph Fifth contends that the share of William D. Liserani under paragraph Fourth lapsed and is now distributable equally to the three surviving legatees named in paragraph Fifth. The special guardian for decedent’s sister who is incompetent insists that intestacy resulted and that the one-third share is distributable to decedent’s brother and sisters. Decedent’s husband would be excluded under subdivision (c) of section 87 of the Decedent Estate Law.
1 ‘ A cardinal principle of construction is that the intention of the settlor is to be sought in all his words, and when ascertained is to prevail unless contrary to public policy or an established rule of law. (See Matter of Buechner, 226 N. Y. 440, 444; Robinson v. Martin, 200 N. Y. 159, 164; Mullarky v. Sullivan, 136 N. Y. 227, 230-232.) ” (Matter of Day, 10 A D 2d 220, 222.) A reading of the entire will leads to the conclusion that paragraph Fifth thereof was intended to apply only to the disposition of the principal of the trust for the benefit of decedent’s sister created in paragraph Fourth. Testatrix desired that the outright legatees named in paragraph Fourth, or those still living at the termination of the trust, divide whatever principal was left therein. The court, therefore, holds that an intestacy has resulted as to the one-third share bequeathed to William D. Liserani. Said share is payable to decedent’s distributees determined as of the date of her death,
The compensation of the attorney for the executor is fixed and allowed in the amount requested. Submit decree on notice construing the will and settling the account accordingly.