Estate of Julia I. Stevens, The Marine Trust Company of Western New York, Fred J. Inglehart and Irving A. Barrett, Executors v. Commissioner.
Estate of Stevens v. Commissioner
Docket No. 94063.
United States Tax Court
T.C. Memo 1964-154; 1964 Tax Ct. Memo LEXIS 180; 23 T.C.M. (CCH) 921; T.C.M. (RIA) 64154; June 5, 1964
Gilbert J. Pedersen, Genesee Bldg., Buffalo, N. Y., for the petitioner. Philip Shurman, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent determined a deficiency in the petitioner's estate tax in the amount of $17,123.17. The sole issue presented for our decision is the correctness of the respondent's action in determining that one-half the value of the assets comprising the corpus of a trust created under the will of Edgar B. Stevens, deceased, is includable in the gross estate of Julia I. Stevens under section 2033 of the Internal Revenue Code of 1954. All the facts have been stipulated and are so found. The decedent's father-in-law, Edgar B. Stevens, died on October 29, 1935, leaving his last will and testament which was admitted to probate by the Surrogate's Court of Erie County, New York, on November 6, 1935. ARTICLE SEVENTH of the will of Edgar B. Stevens provided as follows: ARTICLE SEVENTH: (a) In the event that my daughter-in-law, JULIA I. STEVENS, survives me, then I do hereby give, devise and bequeath *182 to my executors and trustees hereinafter named IN TRUST, nevertheless, Twenty-five percentum (25%) of my estate remaining after the payment of all debts and funeral expenses, provided, however, that said sum shall in no event exceed the sum of One hundred thousand dollars ($100,000.00) subject of the provisions of Article Tenth and Article Eleventh herein, to receive, hold, manage, sell, invest and reinvest the same and every part thereof in the manner hereinafter provided and to collect, recover and receive the rents, issues, interest and income thereof hereinafter called "income" and after deducting the proper and necessary expenses in connection with the administration of the trust to pay the same in monthly installments of equal amount or as nearly equal as convenient unto my daughter-in-law, JULIA I. STEVENS, for and during the term of her natural life. (b) In the event that a trust is created for my daughter-in-law, JULIA I. STEVENS, as hereinabove provided, and in the further event that my son, EDGAR A STEVENS, survives my daughter-in-law, JULIA I. STEVENS, then upon the death of my daughter-in-law, JULIA I. STEVENS, I direct my trustees to continue the trust for the use and *183 benefit of my son, EDGAR A. STEVENS, the income from which shall be paid over to him in monthly installments of equal amount or as nearly as convenient for and during the term of his natural life and upon his death the principal sum shall be paid over and distributed as follows: Fifty percentum (50%) of said principal sum, I give and bequeath to my grandson, EDGAR ALDEN STEVENS, Jr., but if he be not then living, the same shall be paid over to his issue or in default of issue then to his heirs at law and distributees then living under and pursuant to the Decedent Estate Laws of the State of New York then in effect. Fifty percentum (50%) of said principal sum, I give and bequeath to my granddaughter, FLORENCE ELIZABETH STEVENS, but if she be not then living, the same shall be paid over to her issue or in default of issue then to her heirs at law and distributees then living under and pursuant to the Decedent Estate Laws of the State of New York then in effect. (c) In the event that a trust is created for my daughter-in-law, JULIA I. STEVENS, as hereinabove provided, and in the further event that my son, EDGAR A. STEVENS, predeceases my daughter-in-law, JULIA I. STEVENS, then upon *184 the death of my said daughter-in-law, JULIA I. STEVENS, I direct that the principal sum shall be added to and become a part of the several trusts herein created for the use and benefit of my grandchildren, EDGAR ALDEN STEVENS, Jr. and FLORENCE ELIZABETH STEVENS, in the proportions and as hereinafter provided under and pursuant to the provisions of paragraph (b) and succeeding paragraphs of Article Ninth of this my last Will and Testament. (d) In the event that my daughter-in-law, JULIA I. STEVENS, predeceases me, the above mentioned trust and all bequests thereunder shall lapse and the same shall fall into and become a part of my residuary estate. The trust provided for under the abovequoted portion of ARTICLE SEVENTH of the will of Edgar B. Stevens was established and continued in effect until the death of Julia I. Stevens. ARTICLE NINTH of the will of Edgar B. Stevens provided as follows: ARTICLE NINTH: (a) All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executors and trustees hereinafter named IN TRUST, nevertheless, subject to the provisions of Article Tenth and Article Eleventh herein, to receive, hold, manage, *185 sell, invest and reinvest the same and every part thereof in the manner hereinafter provided and to collect, recover and receive the rents, issues, interest and income thereof hereinafter called "income" and after deducting the proper and necessary expenses in connection with the administration of the trust to pay the same in monthly installments of equal amount or as nearly equal as convenient unto my son, EDGAR A. STEVENS, for and during the term of his natural life. (b) Upon the death of my son, EDGAR A. STEVENS, or in the event that he predeceases me, said principal sum shall be paid over and/or distributed or held in trust as follows: (1) Fifty percentum (50%) of said principal sum shall be set up in a separate trust by my trustees for JULIA I. STEVENS, the wife of my son, EDGAR A. STEVENS, the income from which shall be paid over to her in monthly installments of equal amount or as nearly equal as convenient for and during the term of her natural life and upon her death the said principal sum shall be paid over to such person or persons, corporation or corporations as she may appoint under and pursuant to the terms of her last Will and Testament which shall be offered for *186 probate in the jurisdiction of her last domicile within six months after her decease and which shall have been duly admitted to probate either prior to the expiration of said sixmonth period or at any time subsequent thereto, which power of appointment is hereby granted and should she fail to exercise said power of appointment, then said principal sum shall be paid equally to her issue, per stirpes and not per capita, or in default of issue to her heirs at law under and pursuant to the laws of the State of New York. In the event that my said daughter-in-law, JULIA I. STEVENS, predeceases me or predeceases my son, EDGAR A. STEVENS, he having survived me, then said principal sum shall be added to and become a part of the trust or trusts hereinafter created for my grandchildren, share and share alike, per stirpes and not per capita. (2) Twenty-five percentum (25%) of said principal sum shall be set up in a separate trust by my trustees for my grandson, EDGAR ALDEN STEVENS, Jr., the income from which shall be paid over to him in monthly installments of equal amount or as nearly equal as convenient for and during the term of his natural life and upon his death the said principal sum *187 shall be paid over to such person or persons, corporation or corporations as he may appoint under and pursuant to the terms of his last Will and Testament which shall be offered for probate in the jurisdiction of his last domicile within six months after his decease and which shall have been duly admitted to probate either prior to the expiration of said six-month period or at any time subsequent thereto, which power of appointment is hereby granted and should he fail to exercise said power of appointment, then said principal sum shall be paid over equally to his issue or in default of issue to his sister, FLORENCE ELIZABETH STEVENS, if she be then living and if she be not then living, then to her issue, share and share alike, and in default of issue then to the heirs at law of my said grandson under and pursuant to the laws of the State of New York. In the event that my said grandson, EDGAR ALDEN STEVENS, Jr., predeceases me leaving issue or predeceases my son, EDGAR A. STEVENS, leaving issue, my said son having survived me, then in either such event, I direct that the principal shall be held in trust until the youngest of such issue in being at the time of my death shall have reached *188 the age of twenty-one years or sooner die, at either of which event the principal together with all accumulations shall be paid over to such issue, share and share alike and if in either such event my said grandson shall have died leaving no issue then said principal sum shall be paid over and distributed to his heirs at law and distributees then living under and pursuant to the Decedent Estate Laws of the State of New York then in effect. (3) Twenty-five percentum (25%) of said principal sum shall be set up in a separate trust by my trustees for my granddaughter FLORENCE ELIZABETH STEVENS, the income from which shall be paid over to her in monthly installments of equal amount or as nearly equal as convenient for and during the term of her natural life and upon her death the said principal sum shall be paid over to such person or persons, corporation or corporations as she may appoint under and pursuant to the terms of her last Will and Testament which shall be offered for probate in the jurisdiction of her last domicile within six months after her decease and which shall have been duly admitted to probate either prior to the expiration of said six-month period or at any time subsequent *189 thereto, which power of appointment is hereby granted and should she fail to exercise said power of appointment, then said principal sum shall be paid over equally to her issue or in default of issue to her brother, EDGAR ALDEN STEVENS, Jr., if he be then living and if he be not then living, then to his issue, share and share alike, and in default of issue then to the heirs at law of my said granddaughter under and pursuant to the laws of the State of New York. In the event that my said granddaughter, FLORENCE ELIZABETH STEVENS, predeceases me leaving issue or predeceases my son, EDGAR A. STEVENS, leaving issue, my said son having survived me, then in either such event, I direct that the principal shall be held in trust until the youngest of such issue in being at the time of my death shall have reached the age of twenty-one years or sooner die, at either of which event the principal together with all accumulations shall be paid over to such issue, share and share alike and if in either such event my said granddaughter shall have died leaving no issue then said principal sum shall be paid over and distributed to her heirs at law and distributees then living under and pursuant to *190 the Decedent Estate Laws of the State of New York then in effect. (4) In the event that there be no one entitled to take said principal sum or remainder thereof or in the event my estate or any portion thereof remains undistributed under and pursuant to the provisions of the preceding paragraphs of this my last Will and Testament, then the same shall be paid over and/or distributed to my heirs at law under and pursuant to the laws of the State of New York. The decedent's husband, Edgar A. Stevens, the son of Edgar B. Stevens, died on October 4, 1936, leaving his widow and their two children, Edgar Alden Stevens, Jr., sometimes hereinafter referred to as Alden, Jr., and Florence Elizabeth Stevens, sometimes hereinafter referred to as Florence. Alden, Jr., died without issue on September 3, 1942, leaving a will which was admitted to probate by the Surrogate's Court of Erie County, New York, on September 9, 1942. The will of Alden, Jr., provided in pertinent part as follows: ARTICLE FIRST: I direct that all my lawful debts and funeral expenses be paid as soon after my decease as may be convenient and proper. ARTICLE SECOND: I give and devise all real property situated or located *191 outside of the State of New York and of which I may die seized, to my mother, JULIA I. STEVENS, to be hers without reservation or qualification of any kind whatsoever and if she predeceases me, the same shall fall into and become a part of my residuary estate. ARTICLE THIRD: I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, to my mother, JULIA I. STEVENS, and if she be not then living, I give, devise and bequeath the same to my sister, FLORENCE ELIZABETH STEVENS BARRETT, and if she be not then living, I give, devise and bequeath the same to the children of my sister, FLORENCE ELIZABETH STEVENS BARRETT and in default of children then to the heirs at law and distributees of my sister, FLORENCE ELIZABETH STEVENS BARRETT under and pursuant to the Decedent Estate Law of the State of New York. At the time of the death of Alden, Jr., during 1942, both his mother, Julia I. Stevens, and his sister, Florence, were living. Julia I. Stevens died on December 22, 1957, leaving a will which was admitted to probate by the Surrogate's Court of Erie County, New York, by a decree entered on December 30, 1957. On that date, The Marine Trust Company *192 of Western New York, Fred J. Inglehart, and Irving A. Barrett were appointed as executors of the decedent's estate. Following the death of Julia I. Stevens, the Manufacturers and Traders Trust Company and George Graham Smith, as trustees of the trust created under ARTICLE SEVENTH of the will of Edgar B. Stevens, filed in the Surrogate's Court of Erie County, New York, an accounting of their service as trustees for the period May 10, 1943 to December 22, 1957. On August 20, 1958, the trustees of the above-mentioned trust filed a petition with the Surrogate's Court of Erie County, New York, which stated in pertinent part as follows: VII. That EDGAR ALDEN STEVENS, JR. died on September 3, 1942 and by Decree entered in this Court on September 9th, 1942, his last Will and Testament was admitted to probate; * * * That there was no other reference in said Will to any exercise of the said power of appointment granted under the last Will and Testament of EDGAR B. STEVENS, Deceased; that under said Article Third, being the residuary clause, the said EDGAR ALDEN STEVENS, JR. is deemed to have exercised the power of appointment which he had in favor of his mother, JULIA I. STEVENS, if she *193 were living at the time that the property passing under said power of appointment was to pass and in favor of FLORENCE ELIZABETH STEVENS BARRETT, his sister, if his said mother were not then living; that by reason of the death of JULIA I. STEVENS, FLORENCE ELIZABETH STEVENS BARRETT, as appointee, is entitled to receive the principal of the said Trust which would have been set up for EDGAR ALDEN STEVENS, JR., namely, fifty percent (50%) of the corpus of the Trust established under Article Seventh together with all accruals since the 22nd day of December, 1957. * * *
X. That no previous application has been made for the Decree herein requested. All necessary parties required by law were joined in the proceeding initiated by the trustees on October 20, 1958, and a citation as required by law was served on all such parties. Fred J. Inglehart, individually and as executor under the will of Lillian Inglehart, together with Robert S. Inglehart and Ruth J. Inglehart, the adult income beneficiaries, ratified the proposed distribution to Florence as set forth in an instrument dated November 17, 1958. Three of the necessary parties to said proceeding, who were contingent income beneficiaries *194 and remaindermen, were minors who were represented by George J. Evans, Special Guardian, who was appointed as such by the Surrogate's Court of Erie County by order dated December 2, 1958. George J. Evans, as Special Guardian, filed a recommendation and report approving the decree which was entered by the Surrogate's Court of Erie County. None of the parties to the proceeding filed objections to the distribution proposed by the trustees. On April 3, 1959, a decree was entered by the Surrogate's Court of Erie County, New York, which directed distribution of the trust corpus to Florence as requested by the trustees. This decree has never been appealed. The respondent determined that Julia I. Stevens acquired a one-half interest in the remainder of the trust established by ARTICLE SEVENTH of the will of Edgar B. Stevens through the exercise by Alden, Jr., of his general testamentary power of appointment under ARTICLE THIRD of his will. The parties agree on brief that Edgar Alden Stevens, Jr., was the donee of a general testamentary power of appointment created under ARTICLE NINTH of the will of his grandfather, Edgar B. Stevens. They further agree that, although Alden, Jr., in *195 his will did not specifically refer to the power of appointment so acquired, under the personal property law and real property law of the State of New York he is to be regarded as having exercised the power. [1]
The respondent has taken the position that Alden, Jr., exercised the testamentary power of appointment in favor of his mother, Julia I. Stevens, and that the property covered by such power must therefore be included in her estate. Petitioner contends that by virtue of the decree entered by the Surrogate's Court of Erie County, New York, on April 3, 1959, as well as under a proper reading of the wills here involved in the light of New York case law, Alden, Jr., must be regarded as having exercised his general power of appointment in favor of his sister, Florence. The respondent contends that, inasmuch as the trustees' petition for an accounting filed with the Surrogate's Court of Erie County, New York, was uncontested and nonadversary in nature, the decree entered therein may be disregarded by this Court. It is unquestioned, however, that the Surrogate's Court of Erie County was a court having *196 competent jurisdiction over the proceeding initiated by the trustees. New York Surrogate's Court Act (Laws 1920, ch. 928), Secs. 40 and 261. Consequently the Surrogate's decree was binding upon the parties thereto and determined the property interests, if any, of each of the parties joined in the proceeding. It is a universally accepted principle that a judgment rendered by a court having competent jurisdiction, unless reversed or annulled in a proper proceeding or unless obtained through fraud or collusion, is not open to contradiction or impeachment as to its validity in a collateral proceeding. Coffman v. Cobra Mfg. Co., 214 F. 2d 489; National Malleable & Steel Castings Co. v. Goodlet, 195 F. 2d 8; Anderson v. Bowers, 170 F. 2d 676; 49 C.J.S. Judgments, sec. 401; 20 Am. Jur. Evidence, sec. 168. Accordingly, the decree entered by the Surrogate's Court of Erie County, New York, on April 3, 1959, is presumptively regular and valid on its face and, if for any reason it is open to collateral attack, it is incumbent upon the respondent to establish such facts by clear and convincing evidence. Northwest Security Nat. Bank of Sioux Falls v. Welsh, 203 F. Supp. 263. *197 The proceeding in question was a regular trustee's accounting proceeding conducted in the conventional manner. It appears to have been brought in good faith and was bona fide in every respect. Without such a proceeding the trustees could not have properly discharged their responsibilities in administering the trust. In the absence of some such proceeding before the Surrogate's Court, the prospective beneficiaries of the corpus of Julia's lifetime trust necessarily would have been uncertain as to their rights, if any, under Alden's will. It is settled law in New York that under a will containing a power of appointment the instrument under which the power is exercised must be deemed read into the instrument creating the power. In re Hellinger's Estate, 83 N.Y.S. 2d 10; In re Terwilliger's Will, 237 N.Y.S. 390, affd. 243 N.Y.S. 858; In re Harbeck's Will, 161 N. Y. 211, 55 N.E. 850. Petitioner contends that, when the will of Alden, Jr., and the will of his grandfather, Edgar B. Stevens, are read together as a single instrument, the result is that Edgar B. Stevens by will gave a life interest in certain trust property to Julia *198 and, upon her death, he gave the remainder to Florence. It contends that this is so because under New York case law, the ultimate recipient of the corpus of the trust created under the will of Edgar B. Stevens cannot be determined until the termination of the life estate created under his will and that, inasmuch as Julia upon the termination of her life interest in the testamentary trust was "not then living," the corpus thereof passed to Florence upon the decedent's death. It is the rule in New York that in situations where there exists an intervening life estate, coupled with the disposition of the remainder to one "then living," the phrase "then living" must be regarded as referring to one who is alive at the death of the life tenant, not to someone living at the death of the testator. Fowler v. Ingersoll, 127 N. Y. 472, 28 N.E. 471; In re Gautier's Will, 3 N. Y. 2d 502, 169 N.Y.S. 2d 4. In In re Gautier's Will, supra, the testator directed that a portion of his residuary estate be divided into a separate trust for the benefit of four nephews and nieces and upon the death of any one of them without issue, his share of the trust estate was *199 to be divided among "his brothers and sisters surviving." One of the testator's nieces died leaving no children and being survived only by her brother. The New York Court of Appeals held that the word "surviving" as there used referred to someone surviving upon the death of a life beneficiary, not to a survivor at the time of the testator's death. In so holding the Court stated as follows: We would strain language and do violence to the meaning of words were we to read the provision otherwise and ascribe to the decedent a different intention. As cases very like the present demonstrate, absent language pointing a contrary intention, words of survivorship refer to the time of the testator's death "only in the case of an absolute devise or bequest to one and in case of his death to another"; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate. Mullarky v. Sullivan, 136 N. Y. 227, 231, 32 N.E. 762, 763; see also, Matter of Parsons' Estate, 242 N. Y. 246, 250, 151 N.E. 441, 442; Matter of Buechner, 226 N. Y. 440, 123 N.E. 741; Matter of Pulis, 220 N. Y. 196, 204, 115 N.E. 516, 518; *200 Lyons v. Ostrander, 167 N. Y. 135, 140, 60 N.E. 334, 336; Restatement, Property, sec. 251, p. 1266. The Restatement sums up the subject in this way (loc. cit.): "In a limitation purporting to create a remainder or an executory interest, a description of the intended takers as persons 'who survive,' or who are 'living,' or by other language of the same import, but which fails to designate the time to which such takers must survive, tends to establish the time of the termination of all preceding interests as the time to which survival is required." The Surrogate's Court of Erie County thus apparently reached the conclusion embodied in its decree by treating the disposition made under ARTICLE THIRD of Alden, Jr.'s will as if it were a part of the will of Edgar B. Stevens and by applying the New York rule construing the phrase "if she be not then living" as referring to the death of the life tenant, Julia, rather than to the death of Alden, Jr. By so construing the two wills in question and by the application of New York law, the Surrogate concluded that the corpus of the lifetime trust created for Julia under ARTICLE SEVENTH of the will of Edgar B. Stevens passed to Florence *201 upon Alden's death. Although we do not attempt here to independently construe the two wills in question, we are satisfied that the construction adopted by the Surrogate's Court of Erie County was not improper under New York law. In matters such as these, involving difficult questions of wills' construction, the decisions of the local probate court having jurisdiction of the parties and the subject matter, and whose special function is to adjudicate such questions under local law, should be accorded great weight. See Freuler v. Helvering, 291 U.S. 35; Pitts v. Hamrick, 228 F. 2d 486; Anderson v. Bowers, supra.
In the absence of authorities showing that the Surrogate's Court of Erie County clearly committed error in applying the statutes and decisions of the State of New York, we see no reason to cavalierly disregard its decree. Helvering v. Stuart, 317 U.S. 154; Estate of William Walker Wynekoop, 24 T.C. 167; Cadden v. Welch, 298 F. 2d 343; cf. Estate of James Mead Vermilya, 41 T.C. 226; Peyton's Estate v. Commissioner, 323 F. 2d 438, affirming a Memorandum Opinion of this Court. *202 We consequently regard the Surrogate's decree as a binding decree. Pursuant to that decree, Julia I. Stevens did not acquire a vested interest in the property covered by the power of appointment exercised by her son, Alden, Jr. Such property accordingly is not properly includable in her gross estate under section 2033 of the 1954 Code. Decision will be entered for the petitioner. Footnotes
1. Sec. 18, N. Y. Personal Property Law↩; Sec. 176, N. Y. Real Property Law.